**In re NATIONAL BUY–RITE, INC., Debtor.**

**Bankruptcy No. 80–00309A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

March 6, 1981.

Timothy A. Siler, pro se.

Alan L. Dye, McDaniel, Chorey & Taylor, Atlanta, Ga., for trustee.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

This matter comes before the Court on "Motion for Revision of Order Awarding Attorney's Fees and Expenses" filed by Timothy A. Siler, attorney for the debtor herein. Having considered the motion, the briefs of the parties and the pleadings on file, the Court makes the following decision.

## FINDINGS OF FACT

Timothy A. Siler, ("Siler"), filed an "Application for Attorney's Fees and Expenses" pursuant to 11 U.S.C. § 330 on September 13, 1980. This matter was heard by the Court at the duly scheduled hearing of September 26, 1980. Over the objections of the trustee the Court awarded $500.00 as attorney's fees and $113.45 for reimbursable expenses. The order entered by the Court on October 3, 1980 is silent as to the time of payment. Siler's demand for immediate payment has been resisted by the trustee. This refusal prompted the filing of Siler's "Motion for Revision of Order Awarding Attorney's Fees and Expenses". Siler requests the Court to modify the order of October 3, 1980 to provide for immediate payment of the award. Revision is opposed by the trustee.

## APPLICABLE LAW

Siler contends that the award made by this Court was for interim compensation and therefore should be paid immediately. The trustee takes the position that the

award is an administrative expense which must await final distribution for payment.

The applicable statutory provisions are §§ 330 and 331 of Title 11 of the United States Code. Section 330 subsection (a) of the Bankruptcy Code provides that the bankruptcy court may award compensation and reimbursement of expenses to the debtor's attorney, among others. Section 331 of the Bankruptcy Code permits trustees and professional persons to apply to the court for interim compensation.

The application of Siler clearly states that it is made pursuant to 11 U.S.C. § 330. Compensation and reimbursement awarded under Section 330 is an administrative expense under 11 U.S.C. § 503(b)(2), and as such has first priority in distribution. 11 U.S.C. § 507(a)(1). There is no indication in § 503 as to when administrative expenses are to be paid. Rule 308 of the Bankruptcy Rules provides that dividends to creditors shall be paid as promptly as practicable in such amounts and at such times as the court may order. This rule allows wide discretion to the court in determining the time and place for the payment of dividends to creditors. 3 *Collier on Bankruptcy* (15th Edition) ¶ 503.02, p. 503–5.

The trustee opposes Siler's efforts to obtain immediate payment of the award. It is alleged that the debtor's estate presently consists of $7,943.65. The trustee asserts that other administrative claims include $5,350.32 for post-petition rent, $1,500.00 for attorney's fees claimed by American Druggists, and an amount exceeding $12,000.00 for attorney's fees for the trustee's attorney. A sworn affidavit was filed by the trustee stating that the law firm which represents him and of which he is a member intends to submit a claim for an administrative expense in an amount exceeding $12,000.00.

From the statements of the trustee it appears that the amount of claims for administrative expenses exceeds the value of the property of the debtor's estate. When there are inadequate funds in an estate to pay the holders of claims of a particular class in full, the claims are paid pro rata.

11 U.S.C. § 726(b). In the instant case the claims for administrative expenses will have to be paid pro rata for the amount of the claim of the trustee's attorneys alone exceeds the fund available for distribution. In this situation it would be inequitable to allow Siler to receive payment in full of his claim at this time. Accordingly, the Court concludes that the motion for revision of the Order of October 3, 1980 should be denied.

## CONCLUSIONS OF LAW

1. Because the amount of administrative claims exceeds the value of the assets of the debtor's estate, Siler cannot receive payment in full of his claim at this time. It is therefore

ORDERED that Siler's motion for revision of this Court's Order awarding attorney's fees and expenses shall be and same is hereby denied.

SO ORDERED.