In re Charles Arthur YOHNKE, Sr., and Mary Belle Yohnke, Debtors.

Bankruptcy No. 80–02139.

United States Bankruptcy Court, N. D. Ohio, W. D.

July 23, 1981.

John Turin, Toledo, Ohio, for plaintiff.

John J. Hunter, trustee/objector, Toledo, Ohio, for defendants.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came to be heard upon the Trustee's Objection to the claim of the

Debtor, Charles Arthur Yohnke of an Exemption of possible proceeds from his personal injury lawsuit. The Trustee has objected on the grounds that the Debtor's claim is not within the exemption provided by Ohio Revised Code § 2329.66(A)(12)(c). The Debtor opposes the Trustee's denial of the exemption.

The facts of this case are established by the Debtor's Motion to Overrule Objection to Exemption and Memorandum of Support in conjunction with a sworn affidavit of the Debtor.

According to the affidavit of the Debtor, he was permanently injured on April 30, 1973, while working on a Michigan Bell Telephone Company building. While he was working on scaffolding, it broke, and the Debtor fell 12–15 feet to the ground. As a result of this fall, he broke his left tibia which now causes him to limp when tired. Apparently also as a result of this occurrence, he is now physically and emotionally unable to do many activities which he was able to do before. It is further alleged in the affidavit that he has lost income and will continue to lose income because of this incident and his resulting physical impairment.

Mr. Yohnke is presently involved in a products liability suit against the manufacturer of the caster jack which caused the accident, and a professional negligence action against the attorney who initially filed the action in Michigan.

Finally, Mr. Yohnke states that the permanent loss of the functioning of his injured leg has a value in excess of $5,000. None of the evidence presented by the Debtor has been disputed by the trustee.

To determine if the Debtor has a right to claim this exemption, we must look to Ohio Revised Code § 2329.66(A)(12)(c) which in pertinent part states the following:

"(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows: . . ."

"(12) The person's right to receive, or moneys received during the preceding twelve calendar months from any of the following: . . ."

"(c) A payment, not to exceed five thousand dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent; . . . ."

The wording of this statute is the same as that found in the Bankruptcy Code § 522(d)(11)(D) except for the dollar amount. The legislative history indicates that this section of the exemption statute is designed to cover payments in compensation of actual bodily injury. It is not intended to include the attendant costs that accompany the loss; those are handled separately by the bill. H.R.Rep.No.595, 95th Cong., 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

Case law on this issue has not yet been developed. An Ohio Bankruptcy case, *In re Hill*, 5 B.R. 518 (Bkrtcy.S.D.Ohio 1980), touched on the subject, but the issue was never brought to a conclusion because some essential facts were never introduced into evidence. In the *Hill* case, Judge Pettigrew was never apprised of the particulars of the incident out of which the Debtor's claim arose, nor was there introduced proof of the existence of nature or personal bodily injury.

Since the trustee has not refuted any of the evidence set forth in the Debtor's affidavit, the Court will accept the facts as presented by the Debtor. Because there was shown an "actual bodily injury" arising out of an incident, and that the personal injury is in the nature of a limp and a limitation of the work skills of the Debtor, this Court will allow the $5,000 exemption.

The Debtor also requested an amount to compensate him for the future loss of his earnings pursuant to O.R.C. § 2329.-66(A)(12)(d) which in pertinent part states the following:

"... (d) A payment in compensation for loss of future earnings of the person or an individual of whom the person is or was a dependent, to the extent reason-

ably necessary for the support of the debtor and any of his dependents...."

However, in that there has been no evidence offered to substantiate an amount of compensation needed for future earnings lost, this court can not make a determination as to what amount is reasonably necessary for the support of the Debtor and his dependents as under O.R.C. § 2329.-66(A)(12)(d). It is therefore

ORDERED ADJUDGED AND DE-CREED that the Trustee's Objection to the Debtor's claim of the $5,000 exemption pursuant to O.R.C. 2329.66(A)(12)(c) is hereby overruled. The Court will also set a hearing date for the support determination pursuant to Ohio Revised Code § 2329.-66(A)(12)(d) at the Motion of the Debtor.