In re Wayne R. LAMBDIN and Mildred Inez Skinner Lambdin, Debtors.

In re Cecil Wayne BRATCHER and Jo Ann Bratcher, Debtors.

In re Jerry L. DAVIS and Gloria Gay Davis, Debtors.

In re Joyce R. WHITE, Debtor.

Robert H. WALDSCHMIDT, Trustee, Plaintiff,

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE, Cecil Wayne Bratcher, Jo Ann Bratcher, Wayne F. Lambdin, Mildred Inez Skinner Lambdin, Jerry L. Davis, Gloria Gay Davis and Joyce R. White, Defendants.

Bankruptcy Nos. 78–30113, 78–30114, 381–00579, 382–01289 and 381–02698. Adv. No. 382–0340.

United States Bankruptcy Court, M.D. Tennessee.

Aug. 22, 1983.

**12**

Robert H. Waldschmidt, Nashville, Tenn., for trustee.

E. Franklin Childress, Jr., Asst. U.S. Atty., Nashville, Tenn., for IRS.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the trustee's motions requesting a determination of tax liability owed by the bankruptcy estates of Jerry L. and Gloria Gay Davis and Joyce R. White pursuant to 11 U.S.C. § 505. The trustee contends that these estates are not liable for capital gains taxes incurred by the sale of real property during the administration of each estate and there-

fore seeks a refund from the Internal Revenue Service (hereinafter "IRS") for these taxes which he previously paid under protest.[1] The IRS has objected to the trustee's motions. Upon consideration of the evidence presented, briefs of the parties, exhibits, stipulations and the entire record, this court concludes that these taxes are administrative expenses of each of these estates which must be paid in conformity with the provisions of 11 U.S.C. § 726.

The following shall constitute findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The sole question confronting the court is the status of the IRS' claim for capital gains taxes incurred by the sale of certain properties during the trustee's administration of these estates. Neither party disputes the amounts of these taxes, which are $5,587.11 in the Davis estate and $1,408.00 in the White estate.

A close examination of the relevant Bankruptcy Code provisions reveals the position of the government's tax claim vis-à-vis other claims on the estate. This type of postpetition tax is classified as an administrative expense under 11 U.S.C. § 503(b)(1)(B)[2] and has a first priority in payment from property of the estate, along with all other administrative expenses, pursuant to 11 U.S.C. § 507(a)(1).[3]

Since the estate only includes the debtor's interest in property as of the com-

---

1. Similar motions filed by the trustee in the bankruptcy cases of Wayne R. and Mildred Inez Skinner Lambdin and Cecil Wayne and Jo Ann Bratcher were voluntarily dismissed by the trustee without prejudice.

2. 11 U.S.C.A. § 503(b)(1)(B) (West 1979) provides in relevant part:
    "(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—
    (1)(A)...
    (B) any tax—
    (i) incurred by the estate, ...."
    The legislative history to § 503 reveals that the Senate intended to include taxes on capital gains from the sale of property by the trustee

as an administrative expense. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 66, *reprinted in* 1978 U.S.Code Cong. and Ad.News 5787, 5852. The Senate's proposal is encompassed in the enactment of § 503(b)(1)(B). *See* 124 Cong.Rec. S17,411 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini); 124 Cong.Rec. H11,094 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards).

3. 11 U.S.C.A. § 507(a)(1) (West 1979) provides as follows:
    "(a) The following expenses and claims have priority in the following order:
    (1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28."

mencement of the bankruptcy case, the proceeds from the trustee's sale of these properties would first have to be used to extinguish any valid liens on the properties. *See* 11 U.S.C.A. § 541(a)(1) (West 1979). The remaining proceeds would then be distributed to the debtor to the extent that the debtor has claimed an exemption in these funds, *see In re Morgan,* 6 B.R. 701 at 702 (Bkrtcy.M.D.Tenn.1980), and any excess would be utilized to satisfy claims against the estate in accordance with the provisions of 11 U.S.C. § 726. The administrative expenses listed in § 507(a)(1) have first priority in payment and, if there are insufficient funds to fully satisfy all of these expenses, they are satisfied on a pro rata basis.[4] *See In re National Buy-Rite, Inc.,* 10 B.R. 380, 381 (Bkrtcy.N.D.Ga.1981). Any administrative expense not fully paid by the estate will in all likelihood remain unsatisfied. The debtor is not liable for expenses incurred by the estate and, contrary to the trustee's contention, § 522(k) explicitly forbids the payment of these expenses from property which the debtor exempts.[5]

 These provisions delineate in detail the method by which the property of these estates must be distributed. The proceeds derived from the sale of property in each of these estates must first be applied to extinguish any valid liens, then to satisfy any claim of exemption by the debtor, and finally to pay claims and expenses of the estate in accordance with the provisions of § 726. The trustee's assertion that he can somehow avoid the results of § 726 by virtue of his powers as a hypothetical judgment lien

creditor under § 544 is misplaced. Section 544 gives the trustee the power to avoid incomplete or improperly perfected prepetition transfers of the debtor and has no impact upon postpetition claims incurred by the estate. *See McAllester v. Aldridge,* 30 B.R. 995 at 1009 (D.M.D.Tenn.1983). *See also* 4 L. KING, COLLIER ON BANKRUPTCY ¶ 541.01, 541–5 to 541–9 and ¶ 544.01, 544–2 to 544–4 (15th ed. 1982); 2 W. NORTON, BANKRUPTCY LAW AND PRACTICE § 29.01 and 30.01 (1982).

Accordingly, the court will enter an order establishing the tax liability of the Davis bankruptcy estate at $5,587.11 and of the White bankruptcy estate at $1,408.00. These tax claims will be allowed as administrative expenses under § 503(b)(1)(B). To the extent that these estates are unable to pay these respective administrative expenses in full pursuant to the distribution scheme encompassed in § 726, the IRS will be ordered to return to the trustee any amount previously received which is in excess of its proportionate share.

IT IS, THEREFORE, SO ORDERED.

---

**4.** 11 U.S.C.A. § 726 (West 1979) provides in pertinent part:

"(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

.    .    .    .    .

(b) Payment on claims of a kind specified in paragraph (1) . . . of section 507(a) of this title . . . shall be made pro rata among claims of the kind specified in a particular paragraph. . . ."

Section 510, which concerns subordination of claims, is irrelevant to the decision in this case.

**5.** 11 U.S.C.A. § 522(k) (West 1979) provides:

"(k) Property that the debtor exempts under this section is not liable for payment of any administrative expense except—

(1) the aliquot share of the cost and expenses of avoiding a transfer of property that the debtor exempts under subsection (g) of this section, or of recovery of such property, that is attributable to the value of the portion of such property exempted in relation to the value of the property recovered; and

(2) any costs and expenses of avoiding a transfer under subsection (f) or (h) of this section, or of recovery of property under subsection (i)(1) of this section, that the debtor has not paid."