In the Matter of Jack Franklin YOUNG Flora Jane Young, Debtor.

Bankruptcy No. 3–87–02165.

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 18, 1988.

Margaret M. Wenzke, Kettering, Ohio, for debtors.

Herbert Ernst, Jr., Dayton, Ohio, Trustee.

DECISION ON ORDER DETERMINING DEBTORS' EXEMPTIONS PURSUANT TO OHIO REVISED CODE § 2329.66(A)(12)(c)

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Order of Reference entered in this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)—matters concerning the administration of the estate, and (B)—allowance or disallowance of claims against the estate or exemptions from property of the estate.

The debtors filed a joint Chapter 7 petition on July 14, 1987. The Trustee filed Trustee's Notice Of Abandonment Of Burdensome Property And Report Of No Assets (Doc. 6) on August 28, 1987. An Order Approving Trustee's Report Of No Assets And Closing Estate (Doc. 8) was entered on November 18, 1987.

On April 7, 1988, the debtors filed a Motion To Reopen And Amend Chapter 7 Case After Discharge (Doc. 9). The debtors alleged they inadvertently omitted listing a personal injury claim that was pending in a state court proceeding filed prior to the filing of their bankruptcy petition. On April 28, 1988, the court granted debtors' Motion To Reopen And Amend Filings (Doc. 10). The debtors filed an Amendment Of List Of Exempt Property (Doc. 11) on May 9, 1988, which included an amended Schedule B–4 listing a pending personal injury action as "contingent" property having a value of two hundred and fifty thousand dollars ($250,000.00). The debtors claimed this property as exempt under "Bankruptcy Act Section 70(a)(5)" (Doc. 11).

The Chapter 7 Trustee filed Trustee's Objection To Debtors' Amended List Of Exempt Property (Doc. 13) which noted the Bankruptcy Act had been repealed, and that the only applicable exemption (Ohio Rev.Code Ann. § 2329.66(A)(12)(c)) would be a maximum of five thousand dollars ($5,000.00) available only to the debtor husband, Jack Franklin Young.

On June 23, 1988, the court entered an Order Approving Claim Settlement And Payment Of Contingency Fee Agreement (Doc. 22), which provided that the debtors' pending personal injury action would be settled for the total amount of thirty eight thousand, five hundred dollars ($38,500.00), from which the attorney representing the debtors in the State Court action would receive an approved payment of thirteen thousand eight hundred fifty-three dollars and forty-six cents ($13,853.46) for fees and expenses and the balance of twenty four thousand six hundred forty-six dollars and fifty-four cents ($24,646.54) would be paid to the trustee pending further order of this court. That amount ($24,646.54), currently being held by the trustee (Trustee's Status Report, Doc. 24), is the amount in controversy in this proceeding.

The trustee filed a Memorandum Contra To Debtors' Memorandum Concerning Claimed Personal Injury Exemption (Doc. 25). The debtors filed a Memorandum In Support Of Debtors' Amended List Of Exempt Property (Doc. 26). The court considered counsel's memoranda, heard oral arguments and, at counsel's request, granted each party additional time to file a supplemental memorandum. The trustee filed a Supplemental Memorandum Contra To Debtors' Memorandum Concerning Claimed Personal Injury Exemptions (Doc. 31) and counsel for the debtors filed Debtors' Supplemental Memorandum Of Law (Doc. 32).

Counsel for the debtors argues that although the settlement becomes property of the estate, it is not governed by Ohio's exemption statute, Ohio Rev.Code Ann. § 2329.66 (Anderson 1987), but by the common law of Ohio. (Doc. 26 at 2). She further argues that the total amount of the settlement is exempt as Ohio does not permit unliquidated, pending personal injury claims to be subject to judicial process. In addition to other authorities, counsel for the debtors cites *In re Schmelzer*, 350 F.Supp. 429 (D.S.D.Ohio 1972), aff'd *In re Schmelzer*, 480 F.2d 1074 (6th Cir.1973); *In re Musgrove*, 7 B.R. 892 (Bankr.W.D.Va. 1981), and *In re Tignor*, 21 B.R. 219 (Bankr.E.D.Va.1982).

The Trustee argues that the personal injury settlement is property of the estate, and pursuant to provisions of the Ohio exemption statute applicable in this case, the debtors are entitled to only a five thousand dollar ($5,000.00) exemption as authorized by Ohio Rev.Code Ann. § 2329.66(A)(12)(c) (Doc. 25 at 2–3). Further, the Trustee points out that *Schmelzer* was decided under the provisions of § 70(a) of the Bankruptcy Act of 1898 which has since been replaced by the Bankruptcy Code and therefore is not applicable to this proceeding. Additionally, the applicable Ohio exemption statute § 2329.66 did not exist at the time of the *Schmelzer* decisions. The trustee also notes that the proposition from the bankruptcy court decision in *In re Tignor*, 21 B.R. 219 (Bankr.E.D.Va.1982), cited by the debtors in support of their position, was reversed on appeal in *In re Tignor*, 729 F.2d 977, 979–981 (4th Cir.1984).

A complete discussion of the differences between § 70(a) of the Bankruptcy Act and § 541(a) of the Bankruptcy Code as they relate to the personal injury claims of debtors appears in the Fourth Circuit's *Tignor* decision:

Under the old Act only non-exempt property was included as a part of the bankrupt estate under *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903). Under the Reform Act, however, all property of the debtor is included in the bankrupt estate, including exempt property. "After the property comes into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. § 522, and the court will have jurisdiction to determine what property may be exempted and what remains as property of the estate." Legislative History, 1978 U.S. Code Cong. & Ad. News at 5787, 5868, 6324 [hereinafter Leg.Hist.]. The Reform Act thus overrules *Lockwood*, Leg.Hist. at 5868, 6324, and we have previously so acknowledged in *Shirkey v. Leake*, 715 F.2d 859, 863 (4th Cir.1983). Under 11 U.S.C. § 541(a), a bankrupt estate includes, with minor exceptions not relevant here, "all legal or equitable interests of the debtor

in property as of the commencement of the case." "This includes all exempt property." *Shirkey v. Leake*, 715 F.2d at 863. The legislative history of this statute is explicit in that: "The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action ... and all other forms of property currently specified in section 70(a) of the Bankruptcy Act...." Leg.Hist. at 5868, 6323. It "includes as property of the estate all property of the debtor, even that needed for a fresh start." *Id.*

The fact that the schedule of exemptions established by Congress in the Reform Act includes an exemption of $7,500 for personal bodily injury claims is another clear indication that 11 U.S.C. § 541(a) brings such claims into the bankrupt estate in the first instance. *See* 11 U.S.C. § 522(d)(11)(D). Proceeds of estate property are also estate property. 11 U.S.C. § 541(a)(6). "The conversion in form of property of the estate does not change its character as property of the estate." Leg.Hist. at 5869, 6324.

The debtor's claims for injuries to the person, whether unliquidated as when the petition was filed, or settled as occurred during the proceeding, are thus property of the bankrupt estate as of the commencement of the case. We agree with the court below on this aspect of its decision. *See* 4 Collier on Bankruptcy ¶ 541.10[3] (15th ed. 1983).

*Tignor v. Parkinson*, 729 F.2d 977, 980–81 (4th Cir.1984), *See also, U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983); *In re Brooks*, 12 B.R. 22, 25 (Bankr.S.D.Ohio 1981). Accordingly, the trustee is correct in his assertion that the proceeds from the settlement of the debtors' personal injury claims are property of this bankruptcy estate.

What remains at issue in this proceeding is the amount of the exemption, pursuant to § 2329.66(A)(12)(c), to be allowed the debtors from the settlement proceeds of their personal injury claims.

■ Although property becomes part of the bankruptcy estate, it may be available to the debtors as an exemption allowed pursuant to federal law or state law (11 U.S.C. § 522(b)(1) (1984)). Ohio has "opted out" of the federal exemptions (§ 522(d)) and enacted its own exemption statute, Ohio Rev.Code Ann. § 2329.66 (Anderson 1987). Accordingly, the applicable provisions of the Ohio exemption statute provide the basis for determining the extent of the debtors' exemptions. To argue, as the debtors have attempted, that their personal injury claim is exempt since it was unliquidated during the prior pendency of their bankruptcy case, and was only settled after the case was previously closed is disingenuous. As the *Tignor* decision indicates, all claims unliquidated or contingent become property of the estate and the unliquidated status of a claim is not grounds for its exemption. Further, if the Trustee and the court had been aware of the claim, the case could have been left open until a settlement was reached, or the Trustee could have continued prosecution of the claim on behalf of the estate. *See In re Carson*, 82 B.R. 847, 851 (Bankr.S.D. Ohio 1987); *see also In re Sidebotham*, 77 B.R. 504, 506–7 (Bankr.E.D.Pa.1987). The court does, however, acknowledge the debtors' and their counsel's candor in reopening this case to properly determine this issue.

■ Interpretations of the Ohio statute governing exemptions available for personal injury claims appear in several reported bankruptcy court decisions. *See, In re Hill*, 5 B.R. 518, 519 (Bankr.S.D.Ohio 1980); *In re Brooks*, 12 B.R. 22, 25 (Bankr.S.D. Ohio 1981); *In re Yohnke*, 13 B.R. 121, 122 (Bankr.N.D.Ohio 1981). Each of these cases involved a debtor's claim of an exemption for payment on account of a personal injury and construed the following language of § 2329.66 of the Ohio Revised Code:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:

. . . .

(12) The person's right to receive, or moneys received during the preceding

twelve calendar months from any of the following:

....

(c) A payment, not to exceed five thousand dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent.

These courts have generally determined that this language allows a debtor a maximum exemption of five thousand dollars ($5,000.00) from the proceeds of a personal injury settlement separate from payment for pain and suffering or lost wages. *See In re Brooks, supra; In re Yohnke, supra.* Accordingly, the debtor John Franklin Young's claim for a five thousand dollars ($5,000.00) exemption pursuant to § 2329.66(A)(12)(c) is allowed.

▆ The trustee resists an exemption to Flora Young since her claim "for loss of consortium and services of her husband was not a personal bodily injury" (Doc. 25 at 4). There are apparently no reported cases directly interpreting § 2329.66(A)(12)(c) in connection with a spouse's claim for loss of consortium; nevertheless, a review of existing decisions persuades this court that Ohio law would allow an exemption pursuant to § 2329.66(A)(12)(c), not to exceed five thousand dollars ($5,000.00), for a spouse's loss of consortium.

After reciting the historical development of the recognition of a spouse's (specifically a wife's) right to recover for a loss of consortium, the Ohio Supreme Court in the syllabus [1] of *Clouston v. Remlinger Oldsmobile Cadillac, Inc.,* 22 Ohio St.2d 65, 258 N.E.2d 230 (1970) held,

1. A husband and wife have, in the marriage relation, equal rights which will receive equal protection of the law.

2. A wife has a cause of action for damages for the loss of the consortium of her husband against a person who negligently injures her husband, which injuries deprive her of the consortium of her husband. (*Smith v. Nicholas Build-*

*ing Co.,* 93 Ohio St. 101, 112 N.E. 204, overruled.)

3. Consortium consists of society, services, sexual relations and conjugal affection which includes companionship, comfort, love and solace.

The opinion noted,

The "gist" of the wife's action for loss of the consortium of her husband against a defendant who either intentionally or negligently causes injury to her husband is the *direct hurt* which she has suffered by reason of the loss of her husband's society, services, sexual relations and conjugal affection which includes companionship, comfort, love and solace. *Clouston* at [258 N.E.2d at] *234* (emphasis added).

*Accord, American Export Lines, Inc. v. Alvez,* 446 U.S. 274, 285, 100 S.Ct. 1673, 1679, 64 L.Ed.2d 284 (1980).

As Judge Rice of this district noted in interpreting Ohio law concerning a claim for loss of consortium,

"Certainly, the *Clouston* decision, and other reported Ohio case law on the subject, speak in terms of an "injury" or *'physical* injury' to a spouse. However, the cases do not *require* that the injury to a spouse be physical." (emphasis in original).

*Adkins v. General Motors Corp.,* 556 F.Supp. 452, 458 (D.S.D.Ohio 1983). *See also In re Loyd,* 86 B.R. 663, 664 (Bankr. W.D.Okl.1988) (holding a debtor's claim for loss of consortium to be entitled to an exemption under the Oklahoma exemption statute and collecting other bankruptcy decisions recognizing a debtor spouse's loss of consortium as the basis for allowing an exemption under Federal and various state exemption statutes.)

The debtors' lawsuit in the state court included a claim for the debtor wife's loss of consortium and the settlement provided for release of her claim and dismissal of her cause of action in the lawsuit.

*See generally,* 23 O. Jur.3rd *Courts and Judges* § 533 (1987).

---

1. Under Ohio law, the syllabus of the Ohio Supreme Court establishes the law of the case.

Ohio decisions have consistently interpreted Ohio exemption statutes in favor of granting, rather than denying exemptions.

> It is uniformly held that since the right to exemption is a valuable right, grounded on humane public policy principles, statutes granting exemptions should be liberally construed, and the right to exemption should not be defeated by a mere technicality. 45 0. Jur.3d *Exemptions*, § 8 (1983) (footnotes omitted)

In the absence of evidence from the trustee (B.R. 4003(c), *Buroker v. Raybourn*, 61 B.R. 10, 11 (D.S.D. Ohio 1986)), establishing that she was not entitled to receive a share of the settlement proceeds, the debtor wife has suffered a personal bodily injury within the meaning of the Ohio exemption statute and has a personal interest in the settlement, and consequently is permitted a five thousand dollar ($5,000.00) exemption pursuant to § 2329.66(A)(12)(c) of the Revised Code.

For the above reasons the court GRANTS each debtor an exemption in the amount of five thousand dollars ($5,000.00) for a total amount of ten thousand dollars ($10,000.00). The balance of the proceeds shall be held by the Trustee for further order of the court.

An Order in accordance with this decision is simultaneously entered.

SO ORDERED.