**In re Lee DUBY, Deborah Duby, Debtors.**

**Bankruptcy No. 8200842.**

United States Bankruptcy Court, D. Rhode Island.

March 29, 1989.

Andrew S. Richardson, Boyajian, Harrington & Richardson, Providence, R.I., for trustee.

Edward Lawson, Jr., Pawtucket, R.I., for debtors.

## ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

On February 23, 1989, a hearing was held on the Trustee's petition for instructions regarding the payment of administrative expenses in the amount of $1,875, and the debtors' objection thereto. The specific issues presently before the Court are: (1) whether the payment of these administrative expenses infringe on the debtors exemption, in violation of 11 U.S.C. § 522(k);[1] and (2) whether the Trustee's payment of a capital gains tax from the sale of the debtors' real estate is considered an administrative expense pursuant to § 503(b)(1)(B), or a seventh priority unsecured claim of a governmental unit, under § 507(a)(7)(A)(iii).

In administering this Chapter 7 case, the Trustee sold the debtors' real estate, paid off a first mortgage and an IRS lien on the real property, and filed a fiduciary return and paid taxes to the IRS and the Rhode Island Division of Taxation for the capital gain realized from the sale of the debtors' property.

The Trustee now seeks to deduct administrative expenses, totalling $1,875, from the $11,477.72 remaining from the sale of the property. The debtors object, and demand the entire balance to satisfy their claimed exemption.

█ After researching the sparse case law addressing this issue, we find the bankruptcy court's decision in *In re Lambdin*, 11 B.C.D. 103, 33 B.R. 11 (Bankr.M.D.Tenn. 1983) to be persuasive, and adopt the reasoning and findings made therein. Notwithstanding the Trustee's argument to the contrary, the legislative history of § 503(b) makes clear that capital gains taxes are obligations incurred by the estate, and constitute administrative expenses, which have first priority status under § 507(a)(1). "[A]dministrative expenses include taxes which the trustee incurs in administering the debtor's estate, including taxes on capital gains from sales of property by the trustee and taxes on income earned by the estate during the case." (S.Rep. No. 989, 95th Cong., 2nd Sess. 66 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5852).

█ We also agree with Judge Paine's holding in *Lambdin* regarding the inability of the Trustee to invade the debtors' exempt property claim. Since § 522(k) specifically prohibits the payment of administrative expenses from the proceeds of the sale of a debtor's exempt property (except in two isolated instances not applicable here), the Trustee is directed to pay the debtors their *full* exemption, after receiving back the taxes paid to the IRS and the Rhode Island Division of Taxation.[2] *See, e.g., In re Reich*, 54 B.R. 995, 1002 (Bankr.E.D. Mich.1985). After paying debtors' exemption, any remaining funds shall be used to pay administrative expenses, including capital gains taxes and Trustee's fees,[3] on a

---

**1.** 11 U.S.C. § 522(k) provides:

(k) Property that the debtor exempts under this section is not liable for payment of any administrative expense except—

(1) the aliquot share of the costs and expenses of avoiding a transfer of property that the debtor exempts under subsection (g) of this section, or of recovery of such property, that is attributable to the value of the portion of such property exempted in relation to the value of the property recovered; and

(2) any costs and expenses of avoiding a transfer under subsection (f) or (h) of this section, or of recovery of property under sub-section (i)(1) of this section, that the debtor has not paid.

**2.** The Trustee should make an interim distribution forthwith, and a final distribution upon the return of the tax money. In this regard, the Trustee is authorized and directed to take appropriate action to recover the previously paid capital gains taxes.

**3.** The $1875 requested by the Trustee for administrative expenses includes the following:

| | |
|---|---|
| Appraiser's fee | $ 150.00 |
| Accountant's fee | 300.00 |
| Trustee's commission | 1425.00 |

pro rata basis. *In re Lambdin, supra,* at 104.

During oral argument, the Trustee raised the issue of the debtors' waiver of their right to object to the payment of the taxes in question. While the point appears to have merit, our interpretation of § 503(b) as including capital gains taxes as an estate administrative expense obviates any need to consider the waiver issue, since payment of the capital gains taxes were not the debtors' obligation.

Enter Judgment accordingly.