In re Gary C. **ROCKEFELLER** and Mary Ellen **Rockefeller**, Debtors.

Gary C. **ROCKEFELLER** and Mary Ellen **Rockefeller**, Plaintiffs–Appellants,

v.

**FIRST AMERICA BANK–FRANKEN-MUTH, American Home Bank and Thomas W. McDonald, Defendants–Appellees.**

No. 89–CV–10161–BC.

United States District Court, E.D. Michigan, N.D.

Oct. 24, 1989.

As Corrected Oct. 27, 1989.

**726**

Steven J. Sattler, Sebewaing, Mich., for plaintiffs-appellants.

David J. Fisher, Saginaw, Mich., for First of America Bank.

George E. Jacobs, Bay City, Mich., for trustee/appellee.

Randall L. Frank, Bay City, Mich., for American Home Bank.

## ORDER AFFIRMING BANKRUPTCY COURT'S ORDER

CHURCHILL, Chief Judge.

Debtors Gary and Mary Ellen Rockefeller have appealed from an order of the bankruptcy court, 100 B.R. 874, refusing to confirm the Chapter 12 plan as not in the "best interests of the creditors." Debtors do not challenge the bankruptcy court's finding that $926.60 with respect to the pick-up truck is non-exempt. Moreover, the Chapter 12 trustee concurs with the debtor's assertion that $15,776 pertaining to real estate should be exempt. Thus, the sole issue on appeal is the extent to which the Rockefellers' personal injury settlement is exempt.

The debtors claimed the entire annuity, which the parties have stipulated has a present value of $415,000, as exempt property. First, each of the debtors claimed $7,500 as exempt as "a payment, not to exceed $7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent[.]" *See* 11 U.S.C. § 522(d)(11)(D). They claimed the balance of the annuity as exempt as "a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was dependent, to the extent

reasonably necessary for the support of the debtor and any dependent of the debtor." *See id.*, § 522(d)(11)(E). The bankruptcy court granted Mrs. Rockefeller an exemption of $7,500 under § 522(d)(11)(D), but denied a similar exemption for Mr. Rockefeller. Debtors do not challenge this decision.

As for the other claimed exemption, the bankruptcy court employed a two-pronged test. First, it considered whether the annuity is "in compensation of loss of future earnings[.]" *See id.*, § 522(d)(11)(E). Although Mr. Rockefeller's testimony concerning the allocation of the settlement among medical costs, pain and suffering, and loss of future earnings was somewhat inconsistent, the bankruptcy court concluded that $407,500 of the annuity was indeed in compensation for the loss of future earnings. *See also* Bankr.R. 4003 ("[T]he objecting party has the burden of proving that the exemptions are not properly claimed.").

Second, the bankruptcy court inquired as to whether the annuity payments attributable to the loss of future earnings were "reasonably necessary for the support of the debtor and any dependent[.]" *See* 11 U.S.C. § 522(d)(11)(E). Mr. Rockefeller testified that $2,241 represents the amount necessary to meet the debtors' monthly expenses. *See* trans. pp. 20–22. Mr. Rockefeller also stated that the $30,000 he earned each year prior to his injury was sufficient to support his family. The bankruptcy court accepted the $30,000 figure as representing the Rockefellers' annual needs. The bankruptcy court then determined, on the basis of evidence produced by the Rockefellers, that debtors would receive $6,000 per year from their farming operations. As a result, the bankruptcy court concluded that only $24,000 from the annuity (or 80%) was "reasonably necessary" for the support of the Rockefellers. Thus, the remaining portion of the annuity was deemed non-exempt.*

Debtors argue on appeal that the bankruptcy court erred in relying on any income

---

* For the first and second ten-year periods, this amount was calculated at 20%. For the final period, no amount of the annuity was deemed non-exempt.

projection greater than their "disposable income." Specifically, debtors contend that the $6,000 figure did not account for labor costs, taxes, or mortgage payments associated with their farm operation, and that such payments reduce the amount of "disposable income." *See* 11 U.S.C. § 1225(b)(2)(B) (defining "disposable income" as income that is not expended "for the payment of expenditures necessary for the continuation, preservation, and operation of the debtor's business").

This argument, however, is unpersuasive as it seemingly mixes apples and oranges. Considerations of "disposable income" are pertinent solely in the context of confirming the plan; a plan will be confirmed only if debtors' entire disposable income goes toward payments under the plan. By comparison, the exemption-related inquiry pursuant to 11 U.S.C. § 522(d)(11)(E) concerns payments "reasonably necessary" for the support of the debtors; only those amounts "reasonably necessary" may be exempted. Quite simply, determinations as to whether certain assets are exempt are distinct from, not dependent upon, disposable income calculations. Furthermore, the $30,000 figure used by the bankruptcy court as an assessment of the Rockefellers' annual needs exceeded the debtors' own projections by $3,200—an amount sufficient to permit substantial payment of the debtors' yearly mortgage. Finally, the evidence from which the bankruptcy court reached its conclusion was supplied by the debtors themselves. Consequently, the debtors cannot credibly contend at this juncture of the proceedings that the bankruptcy court erred in relying upon figures produced by them.

The Court, therefore, finds that the bankruptcy court's determinations that a portion of the annuity is not exempt, and also that the proposed plan does not satisfy the "best interests of the creditors," were *not* "clearly erroneous." Thus, IT IS ORDERED THAT the order of the bankruptcy court be, and hereby is, *affirmed.*