**In re Larry G. CARD, Debtor.**

**Bankruptcy No. 1–89–01890.**

United States Bankruptcy Court, N.D. California.

May 15, 1990.

Belden, Abbey, Weitzenberg & Kelly, Richard W. Abbey, Santa Rosa, Cal., for creditors.

Ray H. Olmstead, Santa Rosa, Cal., for debtor.

### MEMORANDUM OF DECISION

ALAN JAROSLOVSKY, Bankruptcy Judge.

The matter before the court is whether the debtor's Chapter 13 plan must be confirmed. The court has already fixed the value of the debtor's real property, and determined that he is entitled to a $45,-000.00 homestead exemption. The plan provides that all of the debtor's disposable income for the next three years will be applied to his debts, resulting in a dividend to unsecured creditors of about 16%. The only issue left to determine is whether the debtor is entitled to the benefit of a hypothetical capital gains tax in computing whether his plan meets the requirements of section 1325(a)(4) of the Bankruptcy Code.

The debtor has about $105,000.00 equity in his home. After deducting the $45,-000.00 homestead exemption, an objecting creditor argues, $60,000.00 would be available for creditors. Since the debtor's plan proposes to pay only about $14,000.00, the creditor argues that the plan should not be confirmed.

The debtor responds by pointing out that he purchased the property well before the recent dramatic increase in real estate values, so that his tax basis in the property is very low in relation to its current value. If the property were sold by a hypothetical Chapter 7 trustee, the administrative expenses, including the capital gains tax, would result in little or no funds from the sale reaching the pockets of the unsecured creditors. Therefore, the debtor argues, his plan meets the requirement of section 1325(a)(4) that unsecured creditors receive as much through his plan as they would if his estate were liquidated under Chapter 7.

From a creditor's standpoint, it is unfair and irrational to impose capital gains taxes on a liquidating estate. In the absence of a bankruptcy, the objecting creditor here could force a sale of the residence, receive payment in full, and leave the debtor with his homestead funds and the tax problems. By imposing the capital gains tax on the bankruptcy estate as an expense of administration, liability for the tax is shifted from the debtor to the creditors. For this reason, several courts in prior years ruled that a liquidating estate was not liable for such taxes. See, e.g., *In re Statmaster Corp.* (S.D.Fla.1971) 332 F.Supp. 1248, 1260; *In re F.P. Newport Corp.* (C.D.Cal. 1956) 144 F.Supp. 507.

However, the policy of collecting revenue overcame the policy of doing equity to cred-

itors. Higher courts ruled that a liquidating trustee in bankruptcy is in fact liable for capital gains tax on the sale of estate assets. *U.S. v. Sampsell* (9th Cir.1959) 266 F.2d 631 (reversing *Newport*); *In re I.J. Knight Realty Corp.* (3rd Cir.1974) 501 F.2d 62. The current law is that the trustee in a Chapter 7 case must both honor the debtor's homestead exemption and pay the capital gains tax when he sells the debtor's residence. *In re Duby* (Bkrtcy.D.R.I.1989) 98 B.R. 126; *In re Lambdin* (Bkrtcy.M.D. Tenn.1983) 33 B.R. 11.

Unfortunately, the result of the policy of assessing capital gains tax on the bankruptcy estate often is not increased revenue for the government but a "super homestead" for the debtor. Where the debtor's basis in his home is very low in relation to its value when the bankruptcy petition is filed, a Chapter 7 trustee may be forced to abandon any interest in the property rather than sell it because the net proceeds, which may be far in excess of the homestead exemption, would be insufficient to satisfy the capital gains tax due upon the sale.

The inequity is even more compounded because the debtor gets credit for a tax he may never have to pay. Current tax laws allow a homeowner to defer capital gains on his residence by purchasing a new residence, and allow the homeowner a one-time exclusion of $125,000.00 upon reaching age 55. 26 U.S.C. section 121. Thus, the present law penalizes creditors without resulting in any actual tax revenue.

■ However, a court is not free to ignore the law merely because it perceives the law as unfair or ill-conceived. This rule is no less applicable to a bankruptcy court than to any other court. *In re Shoreline Concrete, Inc.* (9th Cir.1987) 831 F.2d 903, 905. The court must therefore decide this matter based on the law as it is, and not as the court would have it.

■ In determining what the Chapter 7 dividend would be for purposes of applying the test of section 1325(a)(4), the expenses of a hypothetical Chapter 7 liquidation must be accounted for. *Matter of Barth* (Bkrtcy.D.Conn.1988) 83 B.R. 204, 206. See also *In re Coby* (Bkrtcy.D.Nev.1990)

109 B.R. 963. Since one of those expenses would be the capital gains tax, the debtor here is justified in including the hypothetical tax in his calculation. The court is accordingly compelled to find that the debtor's plan meets the requirements of section 1325(a)(4).

■ Seeing the handwriting on the wall, the objecting creditor has taken the fall-back position that the plan should not be confirmed because it has not been proposed in good faith as required by section 1325(a)(3). Of course, meeting all of the other tests imposed by section 1325(a) is not *per se* good faith. *In re Warren* (9th Cir.BAP 1988) 89 B.R. 87. However, bad faith is something more than taking advantage of the state of the law without any sort of manipulation or machination, where the result would be no different in Chapter 7. Just as meeting the requirement of section 1325(a)(4) is not evidence of good faith, there is no requirement that the debtor affirmatively *show* good faith by proposing a plan which exceeds the requirements of that section. Any inequity in this case is the result of the state of the tax laws, not the doings of the debtor.

■ Moreover, this is not a case where the debtor has a choice. He is unable to fund a Chapter 13 which requires him to pay creditors as if capital gains taxes were irrelevant. Thus, denial of confirmation would deny the debtor the benefits of Chapter 13 even though he has done nothing improper and even though his creditors would fare no better in Chapter 7. There is therefore no justifiable reason for manufacturing a "bad faith" finding in this case. After reviewing all of the relevant factors, the court finds that the plan is proposed in good faith.

For the foregoing reasons, the plan will be confirmed. Counsel for the debtor shall submit an appropriate form of order.