**In re Charles D. TURNER and Rebecca K. Turner, Debtors.**

**Bankruptcy No. 3–92–05098.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

Jan. 2, 1996.

John Paul Rieser, Dayton, Ohio (Rieser & Marx, of Counsel), for Trustee.

Katherine L. Billingham, Centerville, Ohio, for Debtors.

Wilson G. Weisenfelder, Jr., Cincinnati, OH.

## DECISION AND ORDER ALLOWING DEBTORS' CLAIM OF EXEMPTION IN POST–PETITION ARBITRATION AWARD

WILLIAM A. CLARK, Chief Judge.

This matter is before the court to determine the extent to which a post-petition arbitration award arising from a personal injury claim of Rebecca K. Turner and Charles Turner ("debtors") is exempt under Ohio law. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### FACTS

The following "Agreed Stipulations of the Trustee and Debtors Concerning the Debtors' Personal Injury Claims and Exemptions Issue" was entered into by the parties.

Now come the Debtors and the Trustee, by and through counsel, and pursuant to this Court's Order, hereby submit these joint stipulations regarding factual matters arising out of the Debtors' personal injury claims which is the subject of the contested exemption claims before the court:

1. The Debtor, Rebecca K. Turner, was involved in an automobile accident, pre-petition, on September 7, 1990, when the vehicle she was driving was hit in the rear by a Mr. Clay.

2. Debtor's spouse [also a debtor in this proceeding], Charles D. Turner, was not physically in the vehicle at the time of the accident and was not directly involved as a participant or a witness to the accident.

3. Following the accident, the Debtors retained Attorney Katherine Billingham to represent them on a contingency basis equivalent to Thirty–Five Percent (35%) of any recovery with respect to the accident/personal injury claim.[1]

4. Mr. Clay's insurance carrier, Shelby Insurance, paid a settlement equal to Mr. Clay's policy limits in April or May, 1992, in the amount of $25,000.

5. Out of the $25,000 proceeds, Ms. Billingham retained as attorney fees Eight Thousand Seven Hundred Fifty Dollars and No Cents ($8,750.00) (equivalent to 35%). A subrogation claim was paid to Dr. John Strom/Affordable Chiropractic of Middletown, Ohio, in the amount of Seven Hundred Fourteen Dollars and Seventy Cents ($714.70). In addition, the Turners advanced a jury deposit ($300) with respect to the Warren County litigation to pursue their underinsured claim against their own insurance company, Cincinnati Equitable, and paid Ms. Billingham an additional Four Hundred Fifteen Dollars and No Cents ($415.00) for the bankruptcy and One Hundred Dollars and No Cents ($120) filing fee.

6. The balance of the proceeds received by the Turners, approximately $15,000, was spent on the items set forth on attached Exhibit A.

7. The Turners made an underinsured motorist claim with their own carrier, Cincinnati Equitable.

8. The Turners filed a Chapter 7 [bankruptcy case] on November 25, 1992.

9. In April 1995 (subsequent to the discharge) an arbitration was held pursuant to the requirements of the insurance policy with Cincinnati Equitable that resulted in

---

1. On April 7, 1993, the court authorized Katherine L. Billingham to continue representing the debtors in their personal injury case. Doc. # 15.

a binding award from the arbitration panel of $15,000 to the Turners.

### CONCLUSIONS OF LAW

Two of the issues before the court are whether Rebecca K. Turner is entitled to an exemption in the post-petition arbitration award for her "personal bodily injury" and whether Charles D. Turner is entitled to a separate exemption for his loss of consortium arising from his wife's injury. In Ohio, with respect to payments for personal bodily injuries, a debtor is entitled to the following exemption:

(12) The person's right to receive, or moneys received during the preceding twelve calendar months from, any of the following:

. . . .

(c) A payment, not to exceed five thousand dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent.

Ohio Rev.Code § 2329.66(A)(12).

■ The trustee initially contends that neither debtor is "entitled to exempt any of the proceeds from the [post-petition] arbitration of their underinsured motorists claims because whatever personal bodily injury that they suffered was entirely compensated by the [pre-petition] settlement award from Mr. Clay's insurance carrier" (Doc. # 41 at 3–4):

As the court stated in Lester,[2] Mrs. Turner could only potentially exempt "up to $5,000 received as compensation for personal bodily injury." ... The $5,000 amount is the uppermost limit that is exemptible. Thus, if a debtor was fully compensated for her personal bodily injury as in the present case, the debtor should not be entitled to recover an additional exemption for other proceeds received as a result of the same injury. Id. at 4–5.

The trustee's conclusion that "whatever personal bodily injury [the debtors] suffered was entirely compensated by the settlement award from Mr. Clay's insurance carrier" is unsupported by the record before this court. The only evidence before the court is contained in the parties' "Agreed Stipulations." Those stipulations are completely devoid of any allocation of the amounts received by the debtors to such items as personal bodily injury, pain and suffering, or compensation for actual pecuniary loss. As a result, the trustee—who bears the burden of proof in this proceeding[3]—has not demonstrated to the court that the pre-petition settlement award from Mr. Clay's insurance company either partially or entirely compensated the debtors for personal bodily injury.

The trustee also maintains that the debtors "are not entitled to an exemption for any of the proceeds from the arbitration because any amount that was entitled to be exempted was previously received and spent by the Debtors" (Doc. # 41 at 7):

The language of Subsection (12) [of Ohio Rev.Code § 2329.66(A)] does not allow the Debtors to exempt the proceeds from both awards, but permits an exemption for only one claim. In the present case, the Debtors spent all of the proceeds from the April or May, 1992, settlement with Mr. Clay's insurance company. As a result, property which would have been included in the bankruptcy estate, the proceeds from the settlement, was no longer present. Thus, in effect, the Debtors had already received the benefit that § 2329.66 was intended to confer.

Granting the Debtors an exemption on any of the arbitration proceeds would effectually permit the debtors to take two exemptions. Id. at 7–8.

■ The trustee's argument, though perhaps sound as a matter of policy, appears to disregard the clear provisions of bankruptcy law regarding what property constitutes property of a debtor's bankruptcy estate and when exemptions in such property are effective. Upon the commencement of a bankruptcy case, an estate is created, and § 541 of the Bankruptcy Code sets forth the prop-

---

2. Lester v. Storey (In re Lester), 141 B.R. 157 (S.D.Ohio 1991).

3. Fed.R.Bankr.P. 4003(c) provides that "the objecting party has the burden of proving that the exemptions are not properly claimed."

erty comprising the estate. Generally, a debtor's estate consists of "all legal or equitable interests of the debtor in property *as of the commencement of the case.*" 11 U.S.C. § 541(a)(1) (emphasis supplied). Nothing contained in § 541 suggests that property owned by a debtor but disposed of by a debtor prior to the commencement of a case is considered to be property of the bankruptcy estate.[4]

■ Once a debtor's bankruptcy case has been commenced, and the bankruptcy estate created, "[a] debtor ... may remove or acquire property of the estate by claiming exemptions." *Bronner v. Gill (In re Bronner)*, 135 B.R. 645, 647 (9th Cir. BAP 1992). No property may be exempted, however, unless it first falls *within* the bankruptcy estate. *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). In other words, "[a] debtor's rights in property claimed as exempt are defined on the date the petition is filed," *In re Bronner, supra*, 135 B.R. at 647, and "[n]o exempt proceeds exist prior to the commencement of bankruptcy proceedings." *In re Rundlett*, 153 B.R. 126, 134 (S.D.N.Y.1993).

In the instant proceeding, then, the funds received from Mr. Clay's insurance company and disposed of prior to the commencement of the debtors' bankruptcy case never became part of the estate's pool of assets from which the debtors are entitled to claim their exemptions. *Roeder v. Ziegler (In re Ziegler)*, 156 B.R. 151, 154 (Bankr.W.D.Pa.1993). *See also Williams v. Giamanco (In re Starr)*, 123 B.R. 314 (Bankr.S.D.Ill.1991) (pre-petition payment, no longer in debtor's possession at filing of bankruptcy petition, "cannot be counted against the debtor's personal in-

jury exemption that arose upon filing bankruptcy.").

The reference in Ohio Rev.Code § 2329.66(A)(12) to "moneys received during the preceding twelve calendar months" would have made any of the pre-petition insurance payment still in the debtors' possession at the time they filed their bankruptcy petition "eligible" for an exemption, but that section does not operate to expand § 541's definition of estate property.

As a result, any discussion of the exemption of the pre-petition insurance settlement funds is irrelevant. The relevant inquiry before the court is whether the debtors are entitled to an exemption in the post-petition arbitration award. At the time the debtors filed their petition in bankruptcy, they possessed a claim against their insurance company. That claim became part of their bankruptcy estate as did the arbitration award subsequently paid by the insurance company to satisfy the debtors' claim. The trustee contends, however, that "Charles D. Turner is not entitled to an exemption for any amount of the proceeds from the arbitration award under Ohio Rev.Code § 2329.66 because he did not suffer a personal bodily injury which is a prerequisite for exempting property under the statute" (Doc. 41 at 5).

■ In Ohio, a claim for loss of consortium[5] is a derivative action, deriving from a spouse's claim for bodily injury. *Tomlinson v. Skolnik*, 44 Ohio St.3d 11, 14, 540 N.E.2d 716, 719 (1989). Although it is presently unclear whether a claim for loss of consortium is regarded—for all purposes—as a separate bodily injury under Ohio law,[6] such a distinction is of no import to the exemption

---

**4.** Although a trustee does possess powers to avoid certain pre-petition transfers by the debtor in order to bring back the transferred property into a debtor's estate, e.g., § 547 (preferential transfers) and § 548 (fraudulent transfers), those types of provisions of the Bankruptcy Code are not relevant in the instant proceeding.

**5.** "Consortium consists of society, services, sexual relations and conjugal affection which includes companionship, comfort, love and solace." *Clouston v. Remlinger Oldsmobile Cadillac, Inc.*, 22 Ohio St.2d 65, 258 N.E.2d 230 (1970).

**6.** The Supreme Court of Ohio held in its syllabus to *Tomlinson v. Skolnik* that "[a]bsent a definitional provision in the insurance policy to the contrary, a claim for loss of consortium deriving from bodily injury sustained by a spouse, is not a separate bodily injury *for purposes of the single person limit of liability of an automobile liability insurance policy.*" 44 Ohio St.3d at 11, 540 N.E.2d at 716 (emphasis supplied). Subsequently, in a wrongful death suit, the Supreme Court of Ohio explicitly cast doubt on the continued validity of *Tomlinson*. *See Cincinnati Insurance Co. v. Phillips*, 52 Ohio St.3d 162, 556 N.E.2d 1150 (1990).

statute at issue. Ohio Rev.Code § 2329.66(A)(12) does not limit the availability of its exemption to only those situations where a debtor personally suffers a bodily injury. Under the express terms of the statute, a person [here, Mr. Turner] is entitled to an exemption in "a payment . . . on account of personal bodily injury . . . of the person [Mr. Turner] *or* an individual [Mrs. Turner] for whom the person [Mr. Turner] is a dependent:

> A careful reading of the statute makes it *clear* that Mrs. Rockefeller need not suffer actual physical injury. For her to claim this exemption she must either personally suffer an injury or an individual of whom she is dependent must suffer the injury. She is entitled to this exemption under the latter alternative. *In re Rockefeller,* 100 B.R. 874, 876 n. 3 (Bankr.E.D.Mich.1989), *aff'd* 109 B.R. 725 (E.D.Mich.1989).[7]

By definition if an action is derivative, any payment with respect to the action is "on account of" the original or primary injury. Therefore, because any award to one spouse for loss of consortium is a payment "on account of personal bodily injury" of the other spouse, *Matter of Lynn,* 13 B.R. 361, 363 (Bankr.W.D.Wis.1981), and Mr. Turner is a dependent of Mrs. Turner,[8] Mr. Turner is entitled to an exemption for loss of consortium under Ohio Rev.Code § 2329.66(A)(12).[9]

The trustee also asserts that "the exemptions should be denied because the proceeds from the arbitration do not reasonably appear to be an award for actual physical injury" (Doc. # 41 at 9):

> Rebecca Turner's injuries from the automobile accident are the type characterized by damages for "pain and suffering." Her injuries did not include the loss of limb or any broken bones, but consisted of soft tissue injuries that often occur in rear end collisions. *Id.* at 9–10.

The problem for the trustee is that the argument in his memorandum of law discusses alleged facts that are not in evidence. As previously mentioned, the only evidence before the court is contained in the agreed stipulations of the parties, and the stipulations do not contain any evidence enabling the court to distinguish among compensation for personal bodily injury, pain and suffering, or actual pecuniary loss. The court, therefore, finds that the trustee has not carried his burden of proof to establish that the proceeds from the arbitration cannot be reasonably allocated to physical bodily injury.

Finally, the trustee maintains that any exemption granted to the debtors "should be reduced, pro rata, in an amount proportionate to Ms. Billingham's contingency fee, Thirty–Three Percent (33%)" (Doc. 41 at 11). The general rule in bankruptcy cases is that "[p]roperty that the debtor exempts . . . is not liable for payment of *any* administrative expense. . . ." 11 U.S.C. § 522(k) (emphasis supplied). There are two statutory exceptions to this provision, but they are inapplicable in the instant case. "The debtor is not liable for expenses incurred by the estate and, contrary to the trustee's contention, § 522(k) explicitly forbids the payment of these expenses from property which the debtor exempts." *Waldschmidt v. Commissioner of Internal Revenue Service (In re Lambdin),* 33 B.R. 11, 13 (Bankr.M.D.Tenn. 1983). *Accord, In re Duby,* 98 B.R. 126, 127 (Bankr.D.R.I.1989).

For the foregoing reasons, it is hereby ORDERED that the debtors, Rebecca K. Turner and Charles D. Turner, are each allowed an exemption of $5,000 in the postpetition arbitration award.

---

7. The statute in *In re Rockefeller* is substantially identical to the exemption statute in this proceeding.

8. Ohio Rev.Code § 3103.03 imposes an obligation of mutual support upon married persons.

9. For other cases permitting a debtor an exemption for loss of consortium, *see Matter of Young,* 93 B.R. 590 (Bankr.S.D.Ohio 1988); *In re Loyd,* 86 B.R. 663 (Bankr.W.D.Okl.1988); and *In re Sidebotham,* 77 B.R. 504 (Bankr.E.D.Pa.1987).