In re Frances G. BRIDGE, Debtor.

Fred J. DERY, Trustee, Plaintiff,

v.

UNITED STATES of America, et al., Defendant.

Bankruptcy No. 81–01913–R.

Adv. No. 84–0875–R.

United States Bankruptcy Court, E.D. Michigan.

Oct. 23, 1989.

As Amended Nov. 8, 1989.

Thomas Morris, Southfield, Mich., for plaintiff.

Karl Overman, U.S. Atty's. Office, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

STEVEN W. RHODES, Bankruptcy Judge.

### I.

The procedural history of this adversary proceeding, and the related district court civil and criminal proceedings, is set forth in *In re Bridge (Dery v. United States)*, 90 B.R. 839 (Bankr.E.D.Mich.1988). In that opinion, the Court concluded that $670,000 in Canadian treasury bills seized from the debtor's husband on September 21, 1982, were property of this bankruptcy estate, and the Court ordered the government to turn over the proceeds of the bills to the trustee. At that time the Court declined to award pre-judgment interest beyond that which was actually earned after the government invested the proceeds of the bills in an interest bearing account. Subsequently, the Court granted the trustee's

**476**

request for a rehearing on the issue of pre-judgment interest, and that rehearing has been held.

## II.

The issue now before this Court is whether the trustee is entitled to pre-judgment interest, and if so, during what time period and at what rate. The basis for the trustee's claim is as follows:

As previously noted, Canadian treasury bills worth $670,000 were seized by U.S. Customs officials on September 21, 1982. These bills matured two months later on November 26, 1982, while in the possession of U.S. Customs. Thereafter, the treasury bills remained in a safe in the Federal Building in Detroit, earning no interest. Over five years later, on April 5, 1988, the government did finally invest the proceeds of the bills in interest bearing certificates of deposit. The trustee alleges that he is entitled to pre-judgment interest from March 26, 1984, when the trustee made a written demand on the Commissioner of Customs for turnover of the treasury bills.

In support of his claim, the trustee cites 11 U.S.C. § 542, which provides:

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, *such property or the value of such property,* unless such property is of inconsequential value or benefit to the estate. [Emphasis added.]

The trustee contends that this section requires not only that the government must turnover the proceeds of the treasury bills as property of the estate (as previously ordered by this Court), but also that pre-judgment interest should be awarded so that the estate will recover the "value of such property." The trustee argues that the estate has been deprived of the interest which the estate should have earned starting on the date the bills matured in 1982.

The trustee further asserts the government's failure to turn over the proceeds of the treasury bills with interest forced him to borrow funds to properly administer the estate. As a result, the estate incurred additional and unnecessary interest expenses, to the prejudice of the creditors.

## III.

■ United States contends that the trustee's claims are based on a negligence theory. It asserts that any such action should be brought under the Federal Tort Claims Act, 28 U.S.C. § 1346. In addition, the government asserts that even if this claim for pre-judgment interest were brought under the Tort Claims Act, Congress and the Supreme Court have made it clear that the United States is not to be held liable for any losses arising from seizures by U.S. Customs. 28 U.S.C. § 2680(c); *Kosak v. United States,* 465 U.S. 848, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984).

The Court rejects this argument. In its earlier memorandum opinion, the Court held that the $670,000 in Canadian treasury bills are property of the estate of Frances Bridge. As discussed above, the provisions of 11 U.S.C. § 542 concerning property of the estate provide that the trustee is entitled to "such property or the value of such property" from any entity in possession of estate property. The government's negligence is not the basis upon which the pre-judgment interest issue will be decided under § 542, although as a matter of the Court's discretion, it might be one factor.

Moreover, it is clear that § 542 applies to the United States. The term "entity" used in § 542(a) includes a governmental unit. The United States Supreme Court has held, "The Bankruptcy Code expressly states that the term 'entity,' used in § 542(a) includes a governmental unit." *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 209, 103 S.Ct. 2309, 2316, 76 L.Ed.2d 515 (1983).

■ The government has implied that it would have been unduly burdensome to redeem the matured treasury bills and then to invest the proceeds in an interest bear-

ing account. The Court rejects this argument, because the government submitted no evidence of any such burden, and because the government did convert the bills to certificates of deposit in 1988 without any apparent burden or difficulty. Unfortunately, the government held the bills for five years before they were redeemed, during which time they earned no interest. The ease with which certificates of deposit may be purchased and the safety of this type of investment vehicle further undermine the government's claim of undue burden.

## IV.

■ Whether to award pre-judgment interest is left to the discretion of the Court. *Ford Motor Co. v. Transport Indemnity Co.*, 45 B.R. 843, 846–7 (E.D.Mich. 1984). This discretion is based upon traditional equitable principles. *DeLaCruz v. Pruitt*, 590 F.Supp. 1296, 1308–9 (N.D.Ind. 1984).

A leading and often-cited case on the issue of pre-judgment interest on estate property recovered by a trustee is *In re The H.P. King Co., Inc. (Crampton v. Dominion Bank of Bristol)*, 64 B.R. 487, 488–9 (Bankr.E.D.N.C.1986), wherein the court stated:

> Although the Bankruptcy Code does not directly address the subject, it is well settled that in an action to set aside a preference the trustee is entitled, under the bankruptcy court's equitable powers, to pre-judgment interest from the date of demand for its return, or in the absence of a prior demand, from the date of the filing of the complaint. [Citations omitted.]

■ The rule favoring pre-judgment interest in preference and fraudulent conveyance actions also applies in turnover actions. *In re Gillett (Tavormina v. Merchants Bank of Miami)*, 55 B.R. 675, 680 (Bankr.S.D.Fla.1985).

■ In applying these principles of law and equity to the present case, the Court concludes that it is appropriate to award pre-judgment interest to the trustee. The award of pre-judgment interest is necessary to carry out the statutory mandate for turnover of the "value of the property." And it is especially important in this case in light of the substantial and unjustified erosion in value suffered by the property for over five years while in the government's custody, and in light of the ease with which the government could have protected against that erosion in value.

## V.

■ The time period in which interest shall be awarded is also within the Court's discretion. *In re Independent Clearing House Co. (Merrill v. Abbott)*, 41 B.R. 985, 1015 (Bankr.D.Utah 1984), *affirmed in part and rev'd in part on other grounds*, 77 B.R. 843 (D.Utah 1987). *See also* 62 B.R. 118, 129–30 (D.Utah 1986).

In this case, the Court must be sensitive to the initial predicament of the government following the seizure of the treasury bills. The illegally imported bills were evidence in the criminal prosecution of William Bridge. As a result the government was no doubt required to maintain the bills intact as long as that case was open. However, on November 16, 1984, Mr. Bridge pleaded guilty to the crimes charged, and the bills were then no longer needed as evidence.

Previously, the government had received two demands for the return of the bills as property of the estate. The first demand was made on March 26, 1984 when the trustee sent a letter to Louis A. Mezzano, District Director of Customs. The second demand for the return of the bills was made in the complaint which initiated the turnover action in this matter. That complaint was filed on September 13, 1984.

In the circumstances, the Court concludes that the United States is liable for pre-judgment interest from November 16, 1984, the conclusion of William Bridge's prosecution, until April 5, 1988, the day the government converted the treasury bills to certificates of deposit.

## VI.

■ The rate of interest is also within the discretion of the Court. The Court

concludes that the rate should be set so as to best approximate the current "value of the property," so that the estate will be fully compensated for its property. It is reasonably clear from Dery's testimony that if he had received the bills or their proceeds on November 16, 1984, he would have redeemed them, converted the Canadian currency to United States currency, and then deposited the proceeds in short term certificates of deposit. The evidence establishes that during the pertinent time period, the interest rates on these investments averaged approximately 8%.

Accordingly, based on a principal amount in United States currency equal to $670,000 in Canadian currency as of November 16, 1984, the Court will allow pre-judgment interest at the rate of 8% per annum from November 16, 1984 through April 5, 1988. This amount is in addition to the amount subject to this Court's turnover order of February 22, 1989. An appropriate order is entered herewith.