Denise P. DAUGHERTY,
Plaintiff/Respondent,

v.

STATE of Missouri, DEPARTMENT OF
SOCIAL SERVICES, DIVISION OF
FAMILY SERVICES, Garnishee,

Alan P. Dempewolf, Defendant/Appellant.

No. 68275.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 30, 1996.

Orval E. Jones & Michael S. Kisling, Jefferson City, for appellant.

Alan P. Dempewolf, Wentzville, pro se.

Denise P. Daugherty, Overland, pro se.

CRANDALL, Judge.

Appellant, Division of Family Services (DFS), appeals from the trial court's order denying its Motion for Relief from Notice of Withholding in respondent's underlying action for claimed arrearage of child support.

We reverse and remand with direction to grant the motion of DFS.

Respondent, Denise Daugherty, was formerly married to Alan Dempewolf. Three children were born of that marriage. Following the dissolution of their marriage, Dempewolf was obligated to pay $81.00 per week as child support for the three minor children. As of August 30, 1994, Daugherty alleged that Dempewolf owed $31,925.00 in back child support.

After the dissolution, Dempewolf remarried. Two children were born of that marriage. At the time of the hearing in this matter, these children were eight and five years old, and their mother had "disappeared".

Prior to the hearing, Dempewolf received $292.00 per month from the Aid for Families with Dependent Children (AFDC) program and $275.00 per month in food stamps. He and his two children resided in a subsidized housing complex.

Pursuant to § 452.350, RSMO (1994), Daugherty filed an "Application to Effect Wage Withholding" and a "Notice to Employer or Payor of Withholding of Income" directed to DFS as the employer or payor of Dempewolf. DFS filed a response to this notice. The court held a hearing on the matter, eliciting testimony from Daugherty and Dempewolf. In Dempewolf's testimony, he admitted that he had stated to Daugherty that he would purposely not work to avoid paying child support. Following this hearing, the trial court entered an order denying the motion of DFS for relief from Notice of Withholding. This appeal followed.

■ In its first point, DFS claims the trial court erred in denying its motion for relief. DFS argues that it had standing to object to the withholding because the public assistance Dempewolf received was for the benefit of the minor children residing with him. DFS premises its standing argument on its *parens patriae* duty to protect the interests of Dempewolf's minor children and on the fact that these monies were not income or wages owed to Dempewolf personally.

■ Daugherty argues that she can attach Dempewolf's public benefits because § 452.140, RSMo (1994), states:

No property shall be exempt from attachment or execution in a proceeding instituted by a married woman for maintenance, nor from attachment or execution upon a judgment or order issued to enforce a decree for alimony or for the support and maintenance of children. And all wages due to the defendant shall be subject to garnishment on attachment or execution in any proceedings mentioned in this section, whether the wages are due from the garnishee to the defendant for the last thirty days' service or not.

Section 454.240, RSMo (1994), gives the court the power to impose withholding orders against the wages or other income of defendants such as Dempewolf. The purpose of the legislation surrounding these statutes is to ensure the legal support of a child by a parent or a spouse. *Brinley v. Karnes,* 595 S.W.2d 465, 467 (Mo.App.1980).

■ AFDC was created by Congress to provide financial assistance to dependent children. 42 U.S.C. § 601. This program is a joint federal and state effort to help needy families with children. *Prince v. Division of Family Services,* 886 S.W.2d 68, 71 (Mo.App. W.D.1994). If a state chooses to voluntarily participate in this program, it is required to follow its attendant provisions and regulations. *Id.* If a state agency has reason to believe that monies distributed under this program are not being used in the best interest of the dependent children, the state may provide for counselling and guidance services with respect to the use of the monies to ensure that the child's best interests are served. 42 U.S.C. § 605. If the relative receiving such payments continues to fail to use the monies in the best interests of the dependent children, the state agency may substitute protective payments, seek appointment of a guardian or legal representative, or impose criminal or civil penalties. *Id.*

Section 208.050, RSMo (1994), states:

Aid to families with dependent children benefits shall not be granted or continued:

(1) Unless the benefits granted are used to meet the needs of the child and the needy eligible relative caring for a dependent child[.]

This statute clearly places a duty on DFS to ensure that the AFDC monies are used to meet the needs of the designated child and its care giver. DFS has standing because of this duty to control or supervise payments. These monies are public assistance benefits. Dempewolf is not entitled to the funds as a matter of right; the monies are not wages or a debt owed to him.

The Food Stamp Program was enacted by Congress to permit low-income households to obtain a more nutritious diet through normal channels of trade by increasing their food purchasing power. 7 U.S.C. § 2011. These stamps shall be issued only to households which have been duly certified as eligible to participate in the food stamp program. 7 U.S.C. § 2016.

Unfortunately for Daugherty, the purposes of the AFDC and Food Stamp statutes are not to force parents to provide for all of their children, but to furnish financial assistance to needy dependent children and the relatives with whom they are living and to raise levels of nutrition among low-income households. Theoretically, Daugherty could also receive AFDC and food stamps, if needed, but she cannot reach the public assistance benefits allocated for the other two children. DFS' first point is granted.

In light of our holding on point one, we need not address DFS' remaining point on appeal. The judgment of the trial court is reversed and the cause is remanded with direction to grant the motion of DFS.

CRAHAN, P.J., and DOWD, J., concur.