**In re Daniel T. PATTON,
Yolanda M. Patton.**

**John J. HUNTER, Trustee, Plaintiff,**

**v.**

**Daniel T. PATTON, et al., Defendants.**

Bankruptcy No. 91–31465.
Adversary No. 94–3192.

United States Bankruptcy Court,
N.D.Ohio,
Western Division.

July 23, 1996.

John J. Hunter, Trustee, Toledo, Ohio.

James A. Hammer, Bowling Green, OH, pro se and for Debtors/Defendants.

**OPINION AND ORDER VACATING APRIL 10, 1996 ORDER DENYING EXEMPTIONS, OVERRULING OBJECTION TO DANIEL PATTON'S CLAIMED EXEMPTION UNDER O.R.C. § 2329.66(A)(12)(c), SUSTAINING OBJECTION TO YOLANDA PATTON'S CLAIMED EXEMPTION UNDER O.R.C. § 2329.66(A)(12)(c), SUSTAINING OBJECTION TO CLAIMED EXEMPTIONS UNDER § 2329.66(A)(12)(d), AND GRANTING COMPLAINT FOR TURNOVER**

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court on Trustee John J. Hunter's ("Trustee") complaint which seeks turnover of the proceeds received in settlement of Debtor Daniel T. Patton's ("Daniel") postpetition, preconversion cause of action, which allegedly represents property of the chapter 7 bankruptcy estate, from Debtors Daniel and Yolanda M. Patton ("Yolanda") (collectively the "Debtors") and their attorney James A. Hammer ("JAH"). In response, the Debtors and JAH assert that the settlement proceeds never became property of the Debtors' chapter 7 estate. Alternatively, the Debtors assert that they are entitled to exempt a portion of the settlement proceeds under Ohio law. Concluding that the settlement proceeds represent property of the estate, the Court finds that the Trustee's complaint is well taken and should be granted. The Court further finds that Trustee's objection to Daniel's claimed exemption under O.R.C. § 2329.66(A)(12)(c) should be overruled. In addition, the Court finds that the Trustee's objection to Yolanda's claimed exemption under O.R.C. § 2329.66(A)(12)(c) should be sustained. Moreover, the Court concludes that the Trustee's objection to the Debtors' claimed exemptions under O.R.C. § 2329.66(A)(12)(d) should be sustained. Therefore, the Court finds that the Trustee should be granted judgment against the Debtors and JAH, jointly and severally, in the amount of $37,000.00 plus prejudgment

interest from September 28, 1994 in accordance with 28 U.S.C. § 1961(a).

## FACTS

### THE PERSONAL INJURY ACTION

The Debtors filed a petition under chapter 13 of title 11 on April 12, 1991 which was subsequently converted to a case under chapter 7 on October 14, 1992.

On April 21, 1992, during the pendency of the Debtors' chapter 13 case, Cherri Dewyer ("Dewyer") injured Daniel in a car accident.

At the Debtors' § 341 creditors' meeting on January 12, 1993, the Trustee informed the Debtors and JAH that he considered Daniel's personal injury action against Dewyer (the "Lawsuit") to be property of the Debtors' chapter 7 bankruptcy estate. *See* Plaintiff's Exhibit 2, Transcript of § 341 Creditors' Meeting.

Subsequently, Daniel settled the personal injury claim against Dewyer with her insurance company for $42,000.00 (the "Proceeds"). *See* Plaintiff's Exhibit 6. JAH deposited the Proceeds in his attorney's trust account upon receipt.

· On July 7, 1993, JAH paid $26,359.04 from the Proceeds to Daniel and Yolanda. According to Daniel, he and his wife used the Proceeds to purchase a car, to make a down payment on a residence under a land contract, to pay for the burial expenses of his late father-in-law, and to repay friends who had loaned the Debtors money while Daniel was unable to work.

JAH retained $12,600.00 in attorney's fees based on a contingent fee contract with the Debtors.

### THE DEBTORS' CLAIMED EXEMPTIONS

The Debtors filed amended schedules on March 18, 1996, claiming exemptions in the Proceeds.

Daniel testified that, as a result of the accident, he was "sore all over", spent three days in the hospital and missed approximately 33 days of work. A shoulder injury which Daniel sustained in the accident temporarily prevented him from driving and from performing certain job duties in his employment with Budd Company ("Budd").

In support of the Debtors' exemption claim under O.R.C. § 2329.66(A)(12)(c), Daniel testified that he has suffered recurring problems in his right shoulder which cause him to miss "a couple of days" of work every six months. Moreover, JAH testified he discussed possible permanent injury to Daniel with Dewyer's insurer prior to settling Daniel's claim against Dewyer.

Daniel testified that his medical bills were paid by his medical insurance carrier. Daniel testified that he did not schedule the medical bills arising from the accident in the Debtors' chapter 7 case.

According to the Debtors, Daniel's damages included $4,373.71 in medical expenses, $3,790.00 in lost wages, and $800.00 in property damages.

The Debtor earned approximately $10.00 per hour in his employment at Budd prior to the accident. After the accident, the Debtor's hourly wage at Budd increased to $11.20 per hour.

The Court denied the Debtors exemptions on April 10, 1996 based on the Debtors' failure to respond to the Trustee's objection. *See* Docket # 98, Order dated April 10, 1996 (disallowing exemptions).

## DISCUSSION

### BURDEN OF PROOF

■ The Trustee bears the burden of proof on his complaint for turnover. This Court has previously applied the preponderance standard in an action for turnover under § 542, based on the Supreme Court's decision in *Grogan v. Garner* which stated, albeit in dicta, that the preponderance standard generally applies in civil actions between private litigants. *Hunter v. United States of America, District Director of Internal Revenue (In re Burkholder)*, 177 B.R. 260, 262 (Bankr.N.D.Ohio 1995) (citations omitted); *cf. Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (stating, in the context of a fraud action under § 523(a), that "[b]ecause the preponderance-of-the-evidence standard re-

sults in a roughly equal allocation of the risk of error between litigants, we presume that this standard is applicable in civil actions between private litigants unless 'particularly important individual interests or rights are at stake' ") (quoting *Herman & MacLean v. Huddleston,* 459 U.S. 375, 389–90, 103 S.Ct. 683, 691–92, 74 L.Ed.2d 548 (1983)) (other citation omitted); *Heartland Federal Savings & Loan Assoc. v. Briscoe Enterprises, Ltd., II (In re Briscoe Enterprises, Ltd., II),* 994 F.2d 1160, 1165 (5th Cir.1993), *cert. denied,* 510 U.S. 992, 114 S.Ct. 550, 126 L.Ed.2d 451 (1993) (finding that preponderance standard applied in the context of plan confirmation under § 1129 because there were no "quasi-liberty interests at stake").

■ The instant adversary is distinguishable from the Supreme Court's decision in *Oriel v. Russell,* which held that the clear and convincing standard of proof applied in a turnover action under the Bankruptcy Act of 1898. *Oriel v. Russell,* 278 U.S. 358, 362, 49 S.Ct. 173, 174, 73 L.Ed. 419 (1929); *see Boyer v. Davis (In re U.S.A. Diversified Products, Inc.),* 193 B.R. 868, 873 n. 3 (Bankr. N.D.Ind.1995) (stating, in dicta, that "[g]iven the fundamental difference between turnover proceedings under the Code and proceedings of the same name under the old Act, combined with the Supreme Court's current rule for determining when a standard other than a preponderance of the evidence is required in civil proceedings, it is doubtful that the need to prove turnover by clear and convincing evidence, as required by *Oriel,* survived the enactment of § 542"), *aff'd,* 196 B.R. 801 (N.D.Ind.1996). First, a proceeding under § 542(a) is not analogous to an action for fraud. *In re U.S.A. Diversified Products, Inc.,* 193 B.R. at 872–73. Second, even if an action under § 542(a) could be analogized to a fraud action, the Supreme Court has recently held that a court need not apply a heightened standard of proof in such an action. *Grogan,* 498 U.S. at 279, 111 S.Ct. at 654; *see also Herman & MacLean v. Huddleston,* 459 U.S. 375, 388–91, 103 S.Ct. 683, 690–92, 74 L.Ed.2d 548 (1983) (held that preponderance standard applied in securities fraud action under 1934 Securities Exchange Act). Third, a turnover proceeding under § 542(a) is not a proceeding "in which coer-cive methods by imprisonment are probable and are foreshadowed". *Oriel,* 278 U.S. at 363, 49 S.Ct. at 174.

■ The Trustee also bears the burden of proof on his objection to the Debtors' claimed exemptions by the preponderance of the evidence. *In re Barlock,* 121 B.R. 13, 15 (Bankr.N.D.Ohio 1990) (citing Fed. R.Bankr.P. 4003(c)); *see also Lester v. Storey (In re Lester),* 141 B.R. 157 (S.D.Ohio 1991).

## WHETHER DANIEL'S POSTPETITION, PRECONVERSION CAUSE OF ACTION WAS PROPERTY OF THE ESTATE

■ The Court finds that the Proceeds were property of the estate. *See Calder v. Job (In re Calder),* 973 F.2d 862, 864–66 (10th Cir.1992) (concluding that property acquired subsequent to conversion to chapter 13 and prior to conversion to chapter 7 represented property of the estate); *In re Lybrook,* 951 F.2d 136 (7th Cir.1991) (held that inheritance which debtors received during pendency of chapter 13 case represented property of chapter 7 estate); *cf. Armstrong v. Lindberg (In re Lindberg),* 735 F.2d 1087, 1090 (8th Cir.1984) (stating that property of the estate consists of all property in which the debtor has an interest on the date of conversion) (citations omitted), *cert. denied,* 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984). Here, as in *Calder,* the Court concludes that sections 1306 and 541(a)(7), read together, mandate a finding that the Proceeds represented property of the estate. Furthermore, since a postpetition, preconversion debt is treated "for all purposes" as a prepetition debt, 11 U.S.C. § 348(d), *see Smith v. GTE North Inc. (In re Smith),* 170 B.R. 111, 115 (Bankr.N.D.Ohio 1994), it would be inequitable to hold that a debtor's postpetition, preconversion assets are beyond the reach of a debtor's creditors.

## WHETHER THE DEBTORS SHOULD BE GRANTED RELIEF FROM THE DEFAULT JUDGMENT ENTERED BY THIS COURT SUSTAINING THE TRUSTEE'S OBJECTION TO THE DEBTOR'S EXEMPTIONS

■ In balancing the equities, the Court finds that the Debtors should be granted

relief from the default judgment entered against them on the Trustee's objection to exemptions. *See Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 849–50 (11th Cir.1996) (concluding that district court abused its discretion in denying motion for relief from judgment under Fed.R.Civ.P. 60(b) based on movant's "excusable neglect" where opposing party was not prejudiced, delay was minimal, impact on judicial proceeding was negligible and movant had not proceeded in bad faith); *Information Systems and Networks Corp. v. United States,* 994 F.2d 792, 794–797 (Fed.Cir.1993) (held that party's negligence in failing to file answer after receiving notice of counterclaim did not warrant denial of motion for relief from judgment). Although the filing of a response to the Trustee's objection was undoubtedly within the Debtors' reasonable control, the Court cannot conclude that the Trustee has been unduly prejudiced by the Debtors' failure to file a timely response. In addition, the delay caused by the Debtors' failure to contest the Trustee's objection and the effect of such delay on the instant adversary have not been significant. Moreover, there is no evidence before the Court that the Debtors have proceeded in bad faith.

The Court further concludes that the Debtors' pretrial brief sets forth a meritorious defense to the Trustee's objection. *See Berthelsen v. Kane,* 907 F.2d 617, 621–22 (6th Cir.1990) (stating that "[l]ikelihood of success on the merits is not the measure of whether the defendant presents a meritorious defense").

Therefore, here, as in *Brengettcy v. National Mortgage Co. (In re Brengettcy),* the policy of finality is outweighed by the strong federal policy in favor of hearing claims on their merits. *Brengettcy v. National Mortgage Co. (In re Brengettcy),* 177 B.R. 271, 277 (Bankr.W.D.Tenn.1995).

**WHETHER THE DEBTORS' CLAIMED EXEMPTIONS SHOULD BE DENIED AS UNTIMELY**

The Court cannot agree with the Trustee that the Debtors' amendment to their schedules to claim exemptions for the Proceeds should be denied as untimely. *Lucius v. McLemore,* 741 F.2d 125 (6th Cir.

1984) (citation omitted); *see In re Herzog,* 118 B.R. 529, 531 (Bankr.N.D.Ohio 1990) (rejecting trustee's argument that exemptions should be denied as untimely where there was no evidence of fraudulent conduct by debtors). It is axiomatic that debtors may amend their bankruptcy schedules at any time before the case is closed, absent proof that the debtors have acted in bad faith, concealed assets or engaged in other conduct which is prejudicial to creditors. *See Lucius v. McLemore,* 741 F.2d 125 (6th Cir.1984) (stating that amendment should be permitted except "where the debtor has acted in bad faith or where property has been concealed") (citations omitted). *See also Osborn v. Durant Bank & Trust Co. (In re Osborn),* 24 F.3d 1199, 1206 (10th Cir.1994) (stating that amendment should be permitted absent "bad faith by the debtor or prejudice to the creditor") (citation and internal quotation marks omitted); *In re Yonikus,* 996 F.2d 866, 871–72 (7th Cir.1993) (stating that amendment should be permitted absent "a showing of bad faith or prejudice to creditors") (citations omitted); *Hardage v. Herring Nat'l Bank (In re Hardage),* 837 F.2d 1319, 1324 (5th Cir.1988) (stating that bankruptcy court should disallow exemption only upon a showing of bad faith or prejudice to creditors) (citation omitted); *Tignor v. Parkinson,* 729 F.2d 977, 978–79 (4th Cir.1984) (stating that bankruptcy court should permit amendment absent exceptional circumstances) (citations omitted); *Doan v. Hudgins (In re Doan),* 672 F.2d 831, 833 (11th Cir.1982) (stating that bankruptcy court may deny amendment only upon a showing of bad faith or prejudice to creditors). First, the Trustee has not carried his burden of demonstrating that the Debtors have proceeded in bad faith or concealed assets. *See In re Falconer,* 79 B.R. 283, 288–91 (W.D.Mich.1987) (concluding that debtors' misstatements as to number of cattle did not evidence the degree of bad faith necessary to deny exemptions); *cf. In re Sumerell,* 194 B.R. 818, 830–32 (Bankr. E.D.Tenn.1996) (determining that evidence was insufficient to support a finding of bad faith). Second, the Trustee has not satisfied the Court that the timing of the Debtor's exemptions prejudiced creditors. *See Tignor,* 729 F.2d at 979 (concluding that trustee

failed to establish prejudice to creditors warranting denial of exemption, notwithstanding the fact that trustee incurred legal fees and costs to obtain proceeds of personal injury claim for estate).

## WHETHER THE DEBTORS ARE ENTITLED TO THEIR CLAIMED EXEMPTIONS

### Whether the Debtors are Entitled to Exemptions Under O.R.C. § 2329(A)(12)(c)

■ Contrary to the Debtors' argument, Ohio law, rather than § 522(d), controls their entitlement to an exemption. *See* 11 U.S.C. § 522(b)(1); O.R.C. § 2329.662.

Ohio Revised Code § 2329.66(A)(12)(c) provides an exemption for:

[a] payment, not to exceed five thousand dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent[.]

The Trustee has failed to meet his burden of proof in challenging Daniel's entitlement to a $5,000.00 exemption under O.R.C. § 2329.66(A)(12)(c). *See Lester v. Storey (In re Lester)*, 141 B.R. 157, 164 (S.D.Ohio 1991) (held that trustee failed to rebut prima facie effect of claimed exemption where it reasonably appeared that injury was substantial enough to reasonably account for value of claimed exemption); *see also In re Yohnke*, 13 B.R. 121 (Bankr.N.D.Ohio 1981) (concluding that injury which caused the debtor to walk with a limp represented a personal bodily injury within the meaning of O.R.C. § 2329.66(A)(12)(c)); *cf. In re Bates*, 123 B.R. 38, 40 (Bankr.S.D.Ohio 1990) (granting exemption where debtor suffered injury which caused him loss of work).

■ Under Ohio law, a debtor may claim an exemption for personal bodily injury to a person "for whom the person is a dependent". O.R.C. § 2329.66(A)(12)(c); *In re Turner*, 190 B.R. 836, 841 (Bankr.S.D.Ohio 1996) (citations omitted). Nevertheless, the Trustee has carried his burden of establishing that Yolanda is not entitled to such an exemption.

Furthermore, even if this Court could conclude that § 2329.66(A)(12)(c) provides an exemption for loss of consortium, the Trustee has satisfied the Court that any claim of an exemption by Yolanda for loss of consortium is unfounded.

### Whether the Debtors are Entitled to an Exemption Under O.R.C. § 2329(A)(12)(d)

■ Ohio Revised Code § 2329.66(A)(12)(d) provides an exemption for:

[a] payment in compensation for loss of future earnings of the person or an individual of whom the person is or was a dependent, to the extent reasonably necessary for the support of the debtor and any of his dependents.

The Trustee has sustained his burden of establishing that the Proceeds do not represent compensation for loss of future earnings. *Cf. In re Bates*, 123 B.R. 38, 41 (Bankr. S.D.Ohio 1990) (finding that amount included in settlement for "abstract damages" was not exempt).

## WHETHER THE TRUSTEE IS ENTITLED TO JUDGMENT UNDER § 542(a)

■ In a proceeding under § 542(a), the Trustee is required to prove that:

1) during the case; 2) an entity other than a custodian 3) was in possession, custody or control; 4) of property that the trustee could use, sell or lease; 5) that such property is not of inconsequential value or benefit to the estate.

*U.S.A. Diversified Prod., Inc.*, 193 B.R. at 872, *aff'd*, 196 B.R. at 801.

The defendants were in possession, custody or control of the Proceeds during the pendency of the Debtors' chapter 7 case. Further, the Proceeds were not of inconsequential value. Therefore, the Trustee is entitled to judgment for the "value of" the Proceeds. 11 U.S.C. § 542(a); *see U.S.A. Diversified Prod., Inc.*, 193 B.R. at 874–79.

■ The Trustee also requests prejudgment interest. Such an award rests within the discretion of the court. *U.S.A. Diversified Prod., Inc.*, 193 B.R. at 881–82; *Dery v. United States (In re Bridge)*, 106 B.R. 474, 477 (Bankr.E.D.Mich.1989). Here,

as in *Bridge,* an award of prejudgment interest is necessary to fully compensate the Trustee. *Bridge,* 106 B.R. at 477. The fact that the Debtors and JAH disputed that the Proceeds represented property of the estate does not warrant a different result. *Cf. City of Milwaukee v. Cement Div., Nat. Gypsum Co.,* —— U.S. ——, ——, 115 S.Ct. 2091, 2097, 132 L.Ed.2d 148 (1995) (holding that good-faith dispute over liability did not justify failure to award prejudgment interest in admiralty collision case). The Court shall award such prejudgment interest from September 28, 1994, the date on which the Trustee demanded payment of the Proceeds. Plaintiff's Exhibit 9. *See Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.),* 930 F.2d 458, 465 (6th Cir.1991) (concluding that bankruptcy court did not abuse its discretion in awarding prejudgment interest in action under § 547); *see also McLemore v. Third Nat. Bank in Nashville (In re Montgomery),* 983 F.2d 1389, 1396 (6th Cir.1993) (concluding that bankruptcy court did not abuse its discretion in awarding prejudgment interest from date of demand in action under § 547); *Smith v. Mark Twain Nat. Bank,* 805 F.2d 278, 291 (8th Cir.1986) (awarding prejudgment interest from date trustee demanded property's return under § 553(b)). The applicable rate of interest shall be the rate set forth in 28 U.S.C. § 1961(a). *Foreman Indus., Inc. v. Broadway Sand & Gravel (In re Foreman Indus., Inc.),* 59 B.R. 145, 156–57 (S.D.Ohio 1986).

In light of the foregoing, it is therefore

ORDERED that this Court's Order dated April 10, 1996, entered at Docket # 98, which denied the Debtors' claimed exemptions be, and it hereby is, vacated. It is further

ORDERED that the Trustee's objection to Daniel Patton's claimed exemption under O.R.C. § 2329.66(A)(12)(c) be, and it hereby is, overruled. It is further

ORDERED that the Trustee's objection to Yolanda Patton's claimed exemption under O.R.C. § 2329.66(A)(12)(c) be, and it hereby is, sustained. It is further

ORDERED that the Trustee's objection to the Debtors' claimed exemptions under O.R.C. § 2329.66(A)(12)(d) be, and it hereby is, sustained. It is further

ORDERED that the Trustee be, and he hereby is, granted judgment against the Debtors and JAH, jointly and severally, in the amount of $37,000.00, plus interest from September 28, 1994 in accordance with 28 U.S.C. § 1961(a).