**In re Michael John NEVETTIE, Debtor.**

**Michael John NEVETTIE, Movant,**

**v.**

**Linda DOERING, Respondent.**

**Bankruptcy No. 98–41338–172.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

March 10, 1998.

Stuart J. Radloff, Clayton, MO, trustee.

Serall Davis, Timothy H. Battem, P.C., St. Louis, MO, for debtor/movant.

John D. Dwyer, Clayton, MO, for respondent.

### ORDER

JAMES J. BARTA, Chief Judge.

The matter being considered here is the motion of Michael John Nevettie ("Debtor") to avoid a judicial lien/judgment levy held by a prepetition creditor. At the hearing on March 4, 1998, the parties agreed that the Creditor in this matter is in fact, John Dwyer, the Guardian Ad Litem in a non-bankruptcy paternity proceeding; and that the debt that is the subject of this proceeding is based upon a judicial award of fees for legal services rendered by the Guardian Ad Litem ("Creditor").

Prior to the commencement of this Chapter 7 case, the Creditor had obtained a writ of execution upon the Debtor's bank account. Before the return date for the writ of execution, and after the commencement of this case, the Debtor's bank conveyed an amount of money to the Creditor from the Debtor's account.

In his Bankruptcy Schedules, the Debtor claimed an exemption in the money in his bank account. As of the date of the hearing on this motion, no objections to his claim of exemption had been filed. The Debtor has asked the Court to avoid the Creditor's prepetition, judicial lien because it impairs his claim of exemption. The Debtor has also

asked the Court to order the turnover of the money conveyed by the bank to the Creditor.

 A writ of execution is a lien upon a debtor's property that is subject to the writ. Generally, the lien terminates upon delivery of the debtor's property to the creditor. *In re Howes*, 165 B.R. 270, 271 (Bankr.E.D.Mo. 1994). The lien of writ of execution is a judicial lien. 11 U.S.C. § 101(36). As of the commencement of this case, the Debtor held an interest in the money in his bank account that had not yet been conveyed to the Creditor. The Debtor's interest in the money in his bank account became property of the estate under 11 U.S.C. § 541. The Debtor claimed an exemption in the bank account under Section 513.430(3) Revised Statutes of Missouri ("R.S.Mo."), 1994.

A debtor may avoid the fixing of a judicial lien on an interest of the debtor to the extent that such lien impairs an exemption to which the debtor would have been entitled. 11 U.S.C. § 522(f)(1)(A). However, a debtor may not avoid a judicial lien that secures a debt for alimony to, maintenance for, or support of a spouse or a child of a debtor. 11 U.S.C. § 522(f)(1)(A)(i), (ii).

 Unless there is a judicial determination to the contrary, an award of fees to a Guardian Ad Litem is actually in the nature of alimony, maintenance or support. *Pleban v. O'Toole (In re O'Toole)*, 194 B.R. 629, 630 (Bankr.E.D.Mo.1996). In the circumstances presented here, no party has filed a complaint to determine dischargeability of the Guardian Ad Litem fees, and the Debtor has not presented any evidence to challenge the non-dischargeability of the award. Therefore, this Debtor may not avoid the judicial lien of this Creditor.

The filing of a petition under Title 11 of the United States Code does not operate as a stay of the collection of alimony, maintenance, or support from property that is not property of the estate. 11 U.S.C. § 362(b)(2)(B).

Similarly, property exempted under Section 522, such as the money in this Debtor's bank account, is not liable for any prepetition debt, except a debt that is secured by a lien that is not avoided under Section 522(f) or (g), or that is maintenance, alimony or support. 11 U.S.C. § 522(c). In the circumstances presented here, the Court finds and concludes that the Creditor held a valid prepetition lien against the Debtor's bank account that continued after commencement of the case; the lien could not be avoided by the Debtor under Section 522(f); without objection, the Debtor claimed an exemption in the bank account; and, but for any estate interest in the bank account, the Creditor was not stayed by Section 362 from foreclosing its lien by collecting from property that is not property of the estate. The bank account was not property of the estate if, for example, the Debtor held no interest in the account as of the commencement of the case; if the account was sold, abandoned or returned to the debtor as exempt property; or if the account revested in the Debtor by confirmation of a plan. *See* Collier on Bankruptcy, 15 Ed.Rev., ¶ 362.06[1] (1997). The Parties have elected to concentrate this determination on the issue of lien avoidance, and to forbear any argument concerning the exact moment at which exempt property is no longer property of the estate. Therefore, solely for purposes of this consideration, by virtue of the Debtor's claim of exemption, the money in the bank account was no longer property of the estate when it was conveyed to the Creditor.

 Therefore, the Debtor has presented no authority under the Bankruptcy Code that entitles him in these circumstances to compel turnover of the money transferred from the bank account under an otherwise valid prepetition lien.

 In the narrow circumstances presented here, the Court has determined that the Creditor collected its debt through State law procedures. Although the Debtor enjoys the ability to claim certain exemptions as part of the non-bankruptcy procedure, the exemptions are not recognized in a proceeding upon a judgment or order issued to enforce a decree for the support and maintenance of children. Section 452.130, RSMo (1994); *Daugherty v. State, Dept. of Social Services, Div. of Family Services*, 921 S.W.2d 131 (Mo.App.1996). The Parties did not argue

the questions of the Bankruptcy Court's jurisdiction to enter a final determination of the exemption question in the State collection process, or the extent of the federal determination that Guardian Ad Litem fees are child support under Section 452.130. Without prejudice to any non-bankruptcy action that may yet be available to the Debtor, any request for a Bankruptcy Court order for turnover under Missouri law will not be granted.

**IT IS ORDERED** that this matter is concluded; and that the Debtor's motion to avoid the Creditor's judicial lien and for a turnover of certain money is denied.