In re Shelley L. **DANOWSKI**, Debtor.

No. 04–22523.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Jan. 31, 2005.

Mark M. Simonelli, Painesville, OH, for debtor.

Lauren A. Helbling, Cleveland, OH, trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

Before the Court is a motion for an order directing Shelley L. Danowski (Debtor) to turnover property of the estate, filed by the Chapter 7 Trustee. Debtor has opposed the motion. Court acquires core matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and General Order Number 84 of this District. After a duly-noticed hearing, the following findings and conclusions of law are made:

Debtor filed for voluntary relief under Chapter 7 proceedings of the Bankruptcy Code on September 30, 2004. At the time of the commencement of the case, it is undisputed that the Debtor had funds on deposit in the amount of $2,268.97. Debtor scheduled an exemption in the funds in the amount of $700.00. The Chapter 7 Trustee seeks turnover of the non-exempt portion of the funds in the amount of $1,868.97.

Debtor contends that a portion of the funds was allotted for Debtor's rent payment in the amount of $595.00 and automobile payment in the amount of $425.25 for the month of October 2004. Debtor purportedly wrote personal checks for these payments which have not yet been honored. Debtor further contends that due to the issuance of these checks, she only had funds on deposit in the amount of $1,248.72 at the time of the petition filing. Debtor states that the $1,248.72 is subject to an exemption in the amount of $400.00. Debtor submits that the non-exempt funds in the amount of $848.72 is, therefore, subject to turnover, not $1,868.97.

\* \* \*

The dispositive issue is whether the funds and outstanding checks drafted to satisfy her rent and automobile payments are property of the estate under 11 U.S.C. § 541 and subject to turnover. Despite allowing the parties to file supplemental briefs to support their respective positions, Debtor did not file a supplemental brief and the trustee did not cite any controlling authority in hers. Indeed, the burden of proof is upon the trustee seeking turnover of estate property which burden must be met by a preponderance of the evidence. *Gorenz v. Illinois Dept. of Agriculture*, 653 F.2d 1179, 1184 (7th Cir. 1981) (the burden of proof in a turnover proceeding is at all times on the receiver or trustee; he must at least establish a *prima facie* case. After that, the burden of explaining or going forward shifts to the other party, but the ultimate burden or risk of persuasion is upon the receiver or trustee); *In re Patton*, 200 B.R. 172 (Bankr.N.D.Ohio 1996).

\* \* \*

Section 541 of the Bankruptcy Code governs property of the estate. That section provides, in part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is com-

prised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.[1]

■ 11 U.S.C. § 541(a)(1). The scope of the estate is broad and all encompassing. *Patterson v. Shumate*, 504 U.S. 753, 757, 112 S.Ct. 2242, 2246, 119 L.Ed.2d 519 (1992). In the absence of controlling federal law, "property" and "interests in property" are questions of state law. *Barnhill v. Johnson*, 503 U.S. 393, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992) *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law").

■ Courts have opined that the amounts in a debtor's bank account at the commencement of the case is property of the estate under 11 U.S.C. § 541(a)(1). *See e.g. In re MJK Clearing, Inc.*, 286 B.R. 109 (Bankr.D.Minn.2002)(amounts in the debtor's bank account at the commencement of its liquidation proceeding is property of the estate); *Nevettie v. Doering (In re Nevettie)*, 227 B.R. 724 (Bankr.E.D.Mo. 1998)(the debtor's interest in the money in his bank account became property of the estate upon the petition filing).

Moreover, the United States Supreme Court and other courts have held that it is well-established that checks do not effect a transfer of funds until they are honored by the bank. *Barnhill*, 503 U.S. at 394, 112 S.Ct. 1386, 118 L.Ed.2d 39 (for the purposes of payment by ordinary check, a "transfer" as defined by § 101(54) occurs on the date of honor, and not before); *In re Oakwood Markets, Inc.*, 203 F.3d 406 (6th Cir.2000)(construing § 549(a), the

"date of honor" rule is appropriate because it provides a date certain upon which parties to the transfer of funds can rely and upon which courts can base a ruling in the event of litigation); *Fitzpatrick v. Philco Finance Corp.*, 491 F.2d 1288 (7th Cir. 1974); *In re Gepfrich*, 118 B.R. 135 (Bankr.S.D.Fla.1990); *Matter of Sims Office Supply, Inc.*, 94 B.R. 744 (Bankr. M.D.Fla.1988) (citing Florida Stat. § 673.3–409 for the proposition a check does not itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it).

In Ohio, the Ohio Revised Code sections 1303.45 and 1303.46 govern acceptance of a draft. O.R.C. 1303.45 provides in part that "[a] check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it." Ohio Revised Code Ann. § 1303.45(A). Section 1303.46(A) provides that " 'acceptance' means the drawee's signed agreement to pay the draft as presented." Ohio Revised Code Ann. § 1303.46; *See also Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 51, 517 N.E.2d 904, 910 (Ohio 1988)(acceptance is the drawee's signed engagement to honor the draft as presented).

The court in *In re Adcock* addressed a similar issue:

Most debtors maintain checking accounts prepetition and few make the effort to "zero balance" those accounts as of the date of bankruptcy. Thus, in most consumer cases, the debtors end up with a balance in their checking account at the close of the banking day on which their petition is filed. Unfortunately, most debtors also have outstanding checks which have not cleared as of

---

1. Subsections (b) and (c)(2) do not apply.

the date of the petition. There can be no argument that under both the Bankruptcy Code and Kansas law the bank balances are an asset of the estate. 11 U.S.C. § 541 ...In general, wages earned prepetition are property of the estate. *In re Calder*, 912 F.2d 454 (10th Cir.1990). It is also well established that checks do not effect a transfer of funds until they are honored by the bank. *Barnhill*, 503 U.S. at 394, 112 S.Ct. 1386, 118 L.Ed.2d 39. Thus, the bank balance on the date of filing is an asset of the estate.

*In re Adcock*, 264 B.R. 708, 716 (D.Kan. 2000); *See also In re Doughman*, 263 B.R. 905 (Bankr.D.Kan.1999). This Court concurs with the court in *In re Adcock*. Notwithstanding Debtor's allotment for the payment of her rent and automobile payment and her subsequent payment of these obligations by personal check, the funds on deposit to satisfy the outstanding checks are property of the estate under § 541 of the Bankruptcy Code. Accordingly, Trustee's motion for turnover is hereby granted. Debtor is ordered to turnover $1,868.97 within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED.**

### *JUDGMENT*

A Memorandum Of Opinion And Order having been rendered by the Court in this matter,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Trustee's motion for turnover is hereby granted. Debtor is ordered to turnover $1,868.97 within thirty (30) days of the entry of this Order. Each party is to bear its respective costs.

**IT IS SO ORDERED.**