In re Kathleen Patricia **STURGILL,** Debtor.

**Ronald R. STICKA, Trustee, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 695–63918–FRA7.
Adversary No. 97–6214–FRA.

United States Bankruptcy Court,
D. Oregon.

Jan. 27, 1998.

Ronald R. Sticka, Eugene, OR, Pro se.

Thomas Dosik, U.S. Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION

FRANK R. ALLEY, III, Bankruptcy Judge.

The Defendant in this proceeding has filed a motion for judgment on the pleadings. For the reasons that follow, Defendant's motion is allowed and judgment is granted to the Defendant.

### BACKGROUND

The Plaintiff in this action is the Chapter 7 trustee of the bankruptcy estate of Kathleen Sturgill. As part of his duties as trustee, the Plaintiff sold real property of the Estate which had been the Debtor's residence. Debtor claimed a homestead exemption of $25,000 as allowed by Oregon state law. The selling price was $140,500 which, after deducting selling costs, fees, payment of delinquent property taxes, and payment of the first mortgage, yielded a net payment to the Estate of $81,383.

In the Estate's federal income tax return for the period ending September 30, 1996, the Trustee reported gross receipts from the sale of $140,500. From the gross receipts, he

claimed $9,322 in expenses of sale and also deducted the $25,000 homestead exemption in determining the amount realized from the sale. Subtracting the adjusted basis in the property of $55,000 from the amount realized produced a taxable capital gain of $51,178. The Trustee also filed a Schedule C with the tax return in which he claimed $8,079 in legal and professional services as a business expense and claimed a standard deduction in lieu of itemized deductions.

The return was submitted to the Internal Revenue Service (IRS) with a request for prompt determination of any tax due.[1] In its audit report, the IRS eliminated the deduction made for payment of the homestead exemption, eliminated the business expense deduction of $8,079 and, instead, allowed it as an itemized deduction, and eliminated the standard deduction since itemized deductions were now being claimed. Upon receipt of the notice of tax deficiency showing an additional tax due of $7,874, the Trustee filed a complaint seeking a determination by this court of the Estate's federal income tax liability for the relevant taxable year. The Government has filed a motion for judgment on the pleadings, asserting that the IRS's determination was correct and must, as a matter of law, be sustained.

### JUDGMENT ON THE PLEADINGS

For purposes of a motion for judgment on the pleadings,

the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false.... Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.

*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir.1989)(citing *Doleman v. Meiji Mutual Life Ins. Co.,* 727 F.2d 1480, 1482 (9th Cir. 1984)).

The question of what is considered part of the pleadings may be answered with reference to case law regarding motions to dismiss under Fed.R.Civ.P. 12(b)(6) because a court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios,* 896 F.2d at 1555 n. 19. "Material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Id.* "A document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned." *Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir.1994)(citing *Townsend v. Columbia Operations,* 667 F.2d 844, 848–849 (9th Cir.1982)). With regard to the Defendant's motion, the court may thus consider both the complaint and answer, and those documents attached to the complaint which were included as exhibits.

### DISCUSSION

Rules governing federal income taxation of bankruptcy estates are to be found at 26 U.S.C. § 1398 [2]:

\* \* \*

**(c) Computation and payment of tax; basic standard deduction.—**

**(1) Computation and payment of tax.**—Except as otherwise provided in this section, the taxable income of the estate shall be computed in the same manner as for an individual. The tax shall be computed on such taxable income and shall be paid by the trustee.

\* \* \*

**(3) Basic standard deduction.**—In the case of an estate which does not itemize deductions, the basic standard deduction for the estate for the taxable year shall be the same as for a married individual

---

**1.** 11 U.S.C. § 505(b) allows a trustee to submit the bankruptcy estate's tax return to the appropriate taxing agency with a request that the agency make a prompt determination of any unpaid tax liability. When the trustee pays any amount shown due or the amount later adjudicated to be due, the trustee is generally discharged from liability for the tax.

**2.** Internal Revenue Code or IRC refers to Title 26 of the U.S.Code; references to the Bankruptcy Code refer to 11 U.S.C. §§ 101 to 1330.

filing a separate tax return for such year.

* * *

**(e) Treatment of income, deductions, and credits.—**

**(1) Estate's share of debtor's income.**—The gross income of the estate for each taxable year shall include the gross income of the debtor to which the estate is entitled under title 11 of the United States Code. The preceding sentence shall not apply to any amount received or accrued by the debtor before the commencement date [generally the bankruptcy petition date].

**(2) Debtor's share of debtor's income.**—The gross income of the debtor for any taxable year shall not include any item to the extent that such item is included in the gross income of the estate by reason of paragraph (1).

**(3) Rule for making determinations with respect to deductions, credits, and employment taxes.**—Except as otherwise provided in this section, the determination of whether or not any amount paid or incurred by the estate—

(A) is allowable as a deduction or credit under this chapter, or

(B) is wages for purposes of subtitle C,

shall be made as if the amount were paid or incurred by the debtor and as if the debtor were still engaged in the trades and businesses, and in the activitites, the debtor was engaged in before commencement of the case.

* * *

**(g) Estate succeeds to tax attributes of debtor.**—The estate shall succeed to and take into account the following items (determined as of the first day of the debtor's taxable year in which the case commences) of the debtor—[list of tax attributes omitted].

**(h) Administration, liquidation, and reorganization expenses; carryovers and carrybacks of certain excess expenses.**—Any administrative expense allowed under section 503 of title 11 of the United States Code, and any fee or charge assessed against the estate under chapter 123 of title 28 of the United States Code, to the extent not disallowed under any other provision of this title, shall be allowed as a deduction.

* * *

█ 26 U.S.C. § 1398 was enacted as part of the Bankruptcy Tax Act of 1980. The Act was intended, in part, to resolve uncertainty concerning the federal income tax liability of the bankruptcy estate and the debtor and was the first comprehensive statutory treatment of these issues. S.Rep.No. 96–1035, 96th Cong. (1980), *reprinted in* 1980 U.S.C.C.A.N. 7017. The Act continued existing law by treating the bankruptcy estate of an individual in Chapter 7 as a separate taxable entity for federal income tax purposes.

## A. Deduction for Payment of Homestead Exemption

*Nature of Homestead Exemption*

█ 11 U.S.C. § 522 provides that a state may "opt out" of the federal exemption scheme, thereby leaving state law as the sole source for determining federal bankruptcy exemptions. Oregon has opted out, *see* O.R.S. 23.305; Oregon law therefore determines both the amount and the nature of the homestead exemption. Oregon's homestead exemption is set out at O.R.S. 23.240 and reads, in part, as follows:

(1) A homestead shall be exempt from sale on execution, from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $25,000, except as otherwise provided by law....When two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, the lien of a judgment or liability in any form, their combined exemptions under this section shall not exceed $33,-000....

█ The homestead exemption is "limited to the money value of the exemption fixed by statute. It is the value which is exempt, not the property in and of itself." *Boyd v. Ore,* 249 Or. 513, 517, 439 P.2d 862, 864 (1968)(citing *Fleischhauer v. Bilstad et al.,*

233 Or. 578, 379 P.2d 880 (1963)). The interest of a debtor claiming a homestead exemption gives rise to an equitable lien which must be satisfied from the proceeds when the property is sold. *See In re Reich*, 54 B.R. 995, 1002 (Bankr.E.D.Mich.1985). *See also In re Salzer*, 180 B.R. 523, 529 (Bankr. N.D.Ind.1993); *In re Hollar*, 184 B.R. 25, 30 (Bankr.M.D.N.C.1995). In this case, the nature of the homestead exemption for tax purposes is no different than that of the mortgage lien.

*Gross Income of Estate*

26 U.S.C. § 1398(e)(1) provides that the gross income of the estate consists of gross income of the individual debtor, other than any amount received or accrued as income by the debtor prior to commencement of the case, which under bankruptcy law constitutes property of the bankruptcy estate, together with the gross income of the estate beginning on and after the date the bankruptcy case commenced. The only income in this case was the capital gain on the sale of the homestead property. Because the entire property was property of the estate (i.e. not reduced by the amount of the homestead exemption, mortgage, or other payments), the Trustee must report the entire proceeds received from the sale as gross receipts on the estate tax return. *See In re Card*, 114 B.R. 226 (Bankr.N.D.Cal.1990); *In re Duby*, 98 B.R. 126 (Bankr.D.R.I.1989).

 The Trustee argues, not unreasonably, that the estate, and thus the Debtor's creditors, should not have to pay tax attributable to income or gain that the Debtor retains. However, Congress has instead determined that tax liability arising from income items such as unrealized gain on property of the estate shall be borne by the estate, even if the gain may be said to have accrued pre-petition. This allocation, and the structure of IRC § 1398 generally, advances the fresh start policy embodied in the Bankruptcy Code. *See* McQueen and

Williams, Tax Aspects of Bankruptcy Law and Practice, Third Ed. § 20:5.

*Costs of Sale*

 26 U.S.C. § 1398(e)(3) states that "except as otherwise provided in this section," a determination of whether an amount paid by the estate shall be allowed as a deduction shall be made as if the amount paid were incurred by the debtor and as if the debtor were still engaged in the same business or other activities as before the commencement of the case. The Trustee argues that the homestead exemption should be deductible as an expense of sale because its payment was necessary to clear title to the property. In order to be an allowable deduction, it must be "otherwise provided" by § 1398 of the Internal Revenue Code, or be a deduction which would be allowable under another section of the Tax Code by the Debtor in the absence of bankruptcy. Since 26 U.S.C. § 1398 does not provide a deduction for payment of the homestead exemption, we must look to the Internal Revenue Code as it applies to taxpayers in general. However, under the Internal Revenue Code, expenses of sale for purposes of computing capital gain are limited to the cost incurred in the sale process itself, as opposed to obligations which must legally be discharged out of the proceeds.[3] Satisfaction of encumbrances against the property, such as the equitable lien of the homestead exemption, is also neither allowable under IRC § 63 and associated sections as an itemized deduction, nor as a trade or business expense under IRC § 162. Accordingly, the IRS's denial of the deduction was correct.

**B. Deduction for Professional Services**

The Trustee argues that expenses for professional services incurred by him in administration of the estate are an allowable trade or business expense and should be deductible as such on the Estate's return. He reasons that, because a trustee is in the business of administering estates, the expenditure should

---

**3.** *See e.g.* Treas. Reg. § 1.1034–1(b)(4) which concerns sale or exchange of residence and defines the "amount realized" as the amount of consideration received less those items which are properly an offset against the consideration re-

ceived, such as "commissions and expenses of advertising the property for sale, of preparing the deed, and of other legal services in connection with the sale."

be treated as an ordinary and necessary business expense. The IRS eliminated the business deduction and, instead, allowed it as an itemized deduction, eliminating the standard deduction in the process.

 Expenditures by the Estate for professional services are deductible. 26 U.S.C. § 1398(h) states that an administrative expense allowable under section 503 of the Bankruptcy Code shall be allowed as a deduction to the extent not otherwise disallowed. The question is whether it is a trade or business expense deductible in computing adjusted gross income, or an itemized deduction deductible in computing taxable income. To answer the question, one must look to 26 U.S.C. § 1398(e)(3), the subsection dealing with determinations by the bankruptcy estate respecting deductions, credits, and employment taxes. That section states that a determination regarding whether an amount paid is allowable as a deduction shall be made "as if the amount were paid or incurred by the debtor and as if the debtor were still engaged in the trades and businesses, and in the activities, the debtor was engaged in before the commencement of the case." In other words, the trustee steps into the shoes of the debtor with respect to questions regarding deductions, credits, and employment taxes. Because the payment of the trustee's professional fees was not incurred in connection with a trade or business in which the *debtor* engaged prior to commencement of the case, it cannot be claimed as a trade or business expense by the Estate. It follows that the payment is deductible as an itemized deduction on the Estate's income tax return. Because the Estate is claiming itemized deductions, 26 U.S.C. § 1398(c)(3) does not allow for a standard deduction.

### CONCLUSION

The Estate may not deduct payment of the statutory homestead exemption from the consideration received from the sale of the Debtor's former residence in calculating the amount realized from the sale. Professional fees claimed as an administrative expense under § 503 of the Bankruptcy Code are deductible as an itemized deduction on the Estate's federal income tax return, rather than as a trade or business expense. Accordingly, judgment on the pleadings is granted to the Defendant. Counsel for the Government shall submit a form of judgment consistent with this opinion.